**EPA AUDIO VISUAL, INC., Relator,**

v.

**STATE of Minnesota and Sandra J. Hale, Commissioner of Administration, Respondents.**

**No. C3-88-1340.**

Court of Appeals of Minnesota.

Aug. 9, 1988.

Stephen E. Otto, Trimble & Associates, Anoka, for relator.

Hubert H. Humphrey, III, Atty. Gen., Julie A. Leppink, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Considered at Special Term and decided by WOZNIAK, C.J., and FOLEY and NORTON, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Relator's application for participation in the Department of Administration's Minnesota Small Business Procurement Program was rejected on May 24, 1988, by letter from respondent Commissioner. Relator obtained a writ of certiorari from this court on June 24. Respondents move to discharge the writ, arguing the decision is not appealable because it did not result from a "final order in a contested case." *See* Minn.Stat. § 14.63 (1986) (person aggrieved by final decision in contested case entitled to judicial review).

### DECISION

 This court has jurisdiction to review final decisions resulting from contested cases, but our jurisdiction is not limited to such orders. Even in *Minnesota Public Interest Research Group v. Northern States Power Company*, 360 N.W.2d 654 (Minn.Ct.App.1985), upon which respondents rely, we held that "[t]his court's jurisdiction * * * is not limited to that conferred by [Chapter 480A] or the APA." *Id.*

at 656. That appeal involved an agency decision which did not result from a contested case, but we concluded we had jurisdiction to review it.

Although Chapter 480A previously referred only to agency decisions in contested cases, the relevant section of the statute now states:

The court of appeals shall have jurisdiction to issue writs of certiorari to all agencies, public corporations and public officials, except the tax court and the workers' compensation court of appeals.

Minn.Stat. § 480A.06, subd. 3 (1986). Even if we were to accept respondents' argument that this court's jurisdiction was previously limited, the modification of the statute makes it clear that our jurisdiction now extends to final decisions of all agencies, regardless of whether a contested case was held. The denial of relator's application is final and nothing is still pending before the agency. The decision is therefore appealable. *See also* Minn.R.Civ.App. P. 103.03(g) (right to appeal final decision in administrative proceeding).

Motion to discharge certiorari denied.