**Ronald L. SCHOBER, Relator,**

v.

**COMMISSIONER OF REVENUE,**
**Respondent.**

No. A09–717.

Supreme Court of Minnesota.

Feb. 4, 2010.

Rehearing Denied March 8, 2010.

Ronald L. Schober, Watertown, MN, pro se.

Lori Swanson, Attorney General, Rita Coyle DeMeules, Assistant Attorney General, St. Paul, MN, for respondent.

## OPINION

MAGNUSON, Chief Justice.

Relator Ronald Schober received a Notice of Change in Sales and Use Tax from respondent, the Commissioner of Revenue, in January 2006. The Commissioner assessed Schober for Minnesota sales tax collected in connection with Schober's home repair and remodeling business, Timber Creek Renovation, which he did not remit to the state. The Commissioner also assessed use tax against Schober for failing to register his motor vehicle purchased in Minnesota in June 2000, despite having moved to Minnesota in November of 1999.

Schober appealed to the Minnesota Tax Court. The court held a pretrial conference in part to discuss the relevance of separate criminal proceedings pending against Schober for willful tax evasion and for failure to pay use tax arising out of his failure to register his motor vehicle. In the tax court appeal, Schober withdrew his objection to the use tax assessment at the beginning of the trial and stipulated that he was a Minnesota resident when he bought his vehicle. His apparent motive was to avoid the introduction in the tax case evidence relating to the pending criminal charges. The trial in the tax court was therefore limited to Schober's objections to the sales tax assessment. In some transactions at issue during trial, invoices admitted as exhibits showed separate amounts entitled "sales tax" collected from Timber Creek customers. Schober conceded that he erroneously collected sales tax from his customers in some of the transactions, and that he did not remit the tax to the state.

After trial, the tax court issued its decision, which concluded: (1) the Commissioner properly assessed Schober for the sales tax collected from customers, and (2) the Commissioner's sales tax assessment did not violate the Fourteenth Amendment or Article X of the Minnesota Constitution. We affirm.

I.

Schober first argues that a sales tax paid on building materials installed into real property does not constitute a retail sale, so no sales tax is owed on those transactions. At the same time, Schober asserts that he was statutorily required to include an itemized list of charges in his customer invoices, including sales tax he paid when purchasing the materials. We review the tax court's findings of fact to determine whether sufficient evidence supports those findings. *Watlow Winona, Inc. v. Comm'r of Revenue*, 495 N.W.2d 427, 431 (Minn.1993). However, we review the tax court's legal conclusions de novo. *F–D Oil Co., Inc. v. Comm'r of Revenue*, 560 N.W.2d 701, 704 (Minn.1997).

Minnesota Statutes § 289A.31, subd. 7(e) (2008), provides: "Any amounts collected, even if *erroneously or illegally collected*, from a purchaser under a representation that they are taxes imposed under chapter 297A are state funds from the time of collection and must be reported on a return filed with the commissioner." (Emphasis added.) All Minnesota sales taxes collected are held in trust for the state. *See* Minn.Stat. § 289A.31, subd. 7(a) (Minn.2008) ("The sales and use tax required to be collected ... constitutes a debt owed by the retailer to Minnesota, and the sums collected must be held as a special fund in trust for the state of Minnesota."); *Igel v. Comm'r of Revenue*, 566 N.W.2d 706, 708 (Minn.1997) ("When a corporation collects sales tax from third

parties, the corporation does so under an obligation to hold the tax in trust for and to pay it over to the state of Minnesota.").

Schober concedes that he collected sales tax from his customers, and that he did not remit the collected sales tax to the state. Therefore, the tax court was left to determine whether there was any legal reason that excused Schober's failure to remit the collected tax. The court concluded there was no excuse, and we agree.

■ Contractors are generally entitled to recover costs for material purchases, including sales tax paid, as part of the price they charge their customers. *See* Minn. R. 8130.1200, subp. 4(B) (2009) ("A sale by a contractor-retailer of building supplies, materials, and equipment which sale provides for installation of the merchandise is a construction contract and tax shall be paid by the contractor-retailer based upon the cost of materials."); *see also Sterling Custom Homes Corp. v. Comm'r of Revenue*, 391 N.W.2d 523, 524–25 (Minn.1986) (holding that seller of prefabricated custom home components was not a contractor or subcontractor involved in installation but was merely a seller, thereby rendering the sales taxable, retail sales). As further explained by Department of Revenue Sales Tax Fact Sheet No. 128:

> Sales by contractors or subcontractors of building materials that include the installation of those building materials into real property are construction contracts. Contractors or subcontractors must pay sales or use tax on the cost of all materials, supplies and equipment to complete the construction contract. Contractors or subcontractors should not charge sales tax to their customers

on construction contracts. They pass this tax on to their customers as part of the materials cost, but do not itemize it separately on the customer's invoice.

Thus, Schober was not required to charge sales tax in order to include the amount of the tax in the invoice.[1] However, he did. Some invoices at issue include an item listed as "sales tax" which corresponds with the actual Minnesota sales tax. More compellingly, there is a column entitled "rate" on the invoices, which is listed as 6.5%—the same rate as the Minnesota sales tax. *Cf. Wybierala v. Comm'r of Revenue*, 587 N.W.2d 832, 837 (Minn.1998) (concluding that evidence established that an additional charge relating to waste collection services listed as a "tax" and correlating with the state sales tax rate was in fact tax).

Schober could have charged his customers an amount for materials that already included the amount of tax paid. But once he collected amounts designated as sales tax from his customers, he owed the state that money, regardless of his intent. The evidence supports the conclusion that Schober collected Minnesota sales tax, and the plain language of section 289A.31 clearly requires Schober to remit the taxes he collected to the state—even if "erroneously or illegally collected." Thus, there is no merit to Schober's claim that because he collected the tax in error, he need not remit it to the state. We hold that the tax court correctly upheld the Commissioner's assessment of tax liability.

## II.

■ Schober next argues that the Commissioner's sales tax assessment violates

---

1. Schober claims that he was statutorily required to itemize sales tax in his customer invoices. *See* Minn.Stat. § 325F.60 (2008). Whatever the merit of Schober's belief, if he

charged sales tax, he must pay it to the state. Additionally, in some transactions, Schober recovered more than just sales tax he paid on material purchases.

the Equal Protection Clause of the Fourteenth Amendment and the Uniformity Clause of Article X of the Minnesota Constitution because it constitutes double taxation, and the Commissioner should have instead required Schober's customers to seek refunds.

The Equal Protection Clause provides that "no State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Article X of the Minnesota Constitution provides that "[t]axes shall be uniform upon the same class of subjects." Minn. Const. art. X, § 1. The protection offered by both is identical. *Minn. Automatic Merch. Council v. Salomone*, 682 N.W.2d 557, 561 (Minn.2004).

■ We invoke every presumption in favor of constitutionality and a statute "will not be declared unconstitutional unless the party challenging it demonstrates beyond a reasonable doubt that the statute violates some constitutional provision." *Id.* "We have upheld many classifications in tax statutes against the challenge that they violate the Equal Protection Clause and the Uniformity Clause." *Id.* at 564. Even if there is an inequality, "[f]or constitutional purposes, absolute equality and uniformity in taxation are not required." *Id.*

■ Schober first alleges that the Commissioner's assessment unconstitutionally results in double taxation. In *Soo Line Railroad Co. v. Commissioner of Revenue*, we addressed a similar argument and we noted that double taxation violates Article X only when "the same property or person is taxed twice for the same purpose for the same taxing period by the same taxing authority without taxing all property and persons in the same class a second time." 377 N.W.2d 453, 456 (Minn.1985) (citation omitted) (internal quotation marks omitted). However, section 289A.31, subdivi-

sion 7, applies equally to all "persons" (including corporations) that erroneously or illegally collect sales taxes, which renders Article X inapplicable. Since there is no differentiation in the applicability of the statute based on any class—suspect or otherwise—the Equal Protection Clause also does not apply. *See Salomone*, 682 N.W.2d at 561.

■ Schober also argues that we should require Schober's customers who were charged sales tax to seek refunds, or to allow him to reimburse customers for wrongly collected tax. The purpose of tax refund statutes is to ensure that refunds "are to be returned to the purchaser who actually bore the burden of the tax and are not to become a windfall to the vendor." *Acton Constr. Co. v. Comm'r of Revenue*, 391 N.W.2d 828, 832 (Minn.1986). In *Acton*, we granted tax refunds for erroneously collected sales tax, but only where the tax had been paid to the state. *Id.* at 832–33.

Where Schober made repayments to certain customers, the Commissioner agrees that those repayments would potentially provide Schober the opportunity to claim a credit on future returns or to file refund claims. *See* Minn.Stat. § 289A.50, subd. 2 (2008). Furthermore, the Commissioner recognized some of Schober's repayments to customers and adjusted the tax liability assessment accordingly. The Commissioner also recognized Schober's cash basis method of accounting and credited him appropriately. We conclude that there was no Equal Protection or Article X violation here.

### III.

■ Schober finally argues that he was not required to pay use tax on his vehicle because the vehicle was "registered, licensed, domiciled, and insured" in Oregon.

Schober argues that at trial, he conceded tax liability on the vehicle to protect himself from self-incrimination relating to then pending criminal charges.[2] On appeal, Schober challenges the merits of the use tax assessment, despite waiving the issue before the tax court.

We generally do not address issues not raised below. *Watlow Winona,* 495 N.W.2d at 433. The exception to this general rule exists where "the interest of justice may require" it, Minn. R. Civ.App. P. 103.04, or

> where the question raised for the first time on appeal is plainly decisive of the entire controversy on its merits and where there is no possible advantage or disadvantage to either party in not having had a prior ruling on the question by the trial court.

*Zip Sort, Inc. v. Comm'r of Revenue,* 567 N.W.2d 34, 39 n. 9 (Minn.1997).

We will not consider the use tax issue in this case. As a matter of trial strategy, Schober waived the issue by withdrawing his objection to the Commissioner's use tax assessment, and by agreeing that he was in fact a Minnesota resident at the time of his vehicle purchase. We decline to address the issue.

Affirmed.

**2.** After the tax court trial, the Carver County District Court granted Schober's Petition for Post–Conviction Relief and dismissed the criminal charges against Schober. *State v. Schober,* Nos. 10–CR–05–409, 10–CR–04–643 (Carver Cty. Dist. Ct. filed Sept. 8, 2008); *State v. Schober,* Nos. 10–CR–05–409, 10–CR–04–643 (Carver Cty. Dist. Ct. filed June 3, 2009).