Ronald L. SCHOBER, Relator,

v.

COMMISSIONER OF REVENUE,
Respondent.

No. A12–0873.

Supreme Court of Minnesota.

May 22, 2013.

Rehearing Denied July 17, 2013.

Ronald L. Schober, Watertown, Minnesota, pro se.

Lori Swanson, Attorney General, Sara L. Bruggeman, Assistant Attorney General, Saint Paul, Minnesota, for respondent.

## OPINION

WRIGHT, Justice.

Relator Ronald Schober challenges the Minnesota Tax Court's decision that the tax court lacked jurisdiction over an appeal from a letter of the Commissioner of Revenue. Schober also argues that the tax court erred by concluding that his refund claim is barred by res judicata and by his failure to pay taxes. We reverse the tax court's decision as to its jurisdiction and affirm the tax court's decision on the merits of Schober's refund claim.

In 2005, the Department of Revenue (Department) audited Schober and determined that he had not remitted to the State certain funds designated as "sales tax" on the invoices of his repair and remodeling business. At the conclusion of the audit, the Commissioner issued Schober a notice of change in sales and use tax. Schober appealed. The Commissioner issued a notice of determination on appeal, adjusting the initial assessment and assessed tax, penalty, and interest for tax years 2000 through 2005.

Schober next appealed to the Minnesota Tax Court, which held that the Commissioner properly assessed Schober for the amount of sales tax that he collected from his customers but failed to remit to the State. *Schober v. Comm'r of Revenue*, No. 7935 (Minn. T.C. Feb. 3, 2009). The tax court reasoned that "credits and reimbursements to customers do not relieve the requirement to remit taxes collected to the Department of Revenue. Credits and reimbursements made to customers affect the potential refund [Schober] may receive once payments are remitted and [Schober] files a claim for refund with the Department of Revenue." *Id.* at 6. The tax court also held that the assessment of sales tax against Schober did not violate the Fourteenth Amendment to the United States Constitution or Article X of the Minnesota Constitution because Schober could file a claim for a refund and recover any funds repaid to his customers. *Id.* at 7.

Schober appealed, and we affirmed the tax court's decision upholding the Commissioner's assessment of tax liability. *Schober v. Comm'r of Revenue (Schober I )*, 778 N.W.2d 289, 292–93 (Minn.2010). We concluded that "once [Schober] collected amounts designated as sales tax from his customers, he owed the state that money" because "the plain language of section 289A.31 clearly requires Schober to remit the taxes he collected to the state—even if 'erroneously or illegally collected.' " *Id.* at 292 (quoting Minn.Stat. § 289A.31 (2012)). We also concluded that, because Schober could claim a credit on future returns as a refund on taxes paid for any excess remittance, the Commissioner's assessment did not result in double taxation. *Id.* at 293. Moreover, we observed that "the commissioner recognized some of Schober's repayments to customers and adjusted the tax liability assessment accordingly." [1] *Id.*

After *Schober I*, the Commissioner began collection efforts against Schober. Schober also reimbursed some of his customers for a portion of the improperly collected sales tax. On March 4, 2011, Schober submitted to the Commissioner documents and an informal request for a refund based on his repayment of sales tax to his customers. In this submission, Schober admitted that he had not paid sales tax to the State. The following day, Schober formally sought a refund. The Commissioner responded to Schober by letter on March 7, 2011.

In its March 7, 2011 letter responding to Schober's submissions, the Commissioner wrote, "it appears as if these materials pertain to periods which are no longer available for the actions you are attempting." The Commissioner concluded that the returns that Schober was attempting to file for tax years 2002 through 2006 are

"beyond the timeframe prescribed by statute." Regarding Schober's refund request pertaining to customer reimbursements occurring in 2011, the Commissioner determined that because they were "directly relate[d]" to the 2003 and 2004 transactions, they also are time barred. Finally, the Commissioner directed Schober to contact the Department's Taxpayer Rights Advocate should he have any additional concerns.

On March 9, 2011, Schober filed a notice of appeal with the tax court, citing the Commissioner's March 7, 2011 letter as the order from which he was appealing. Schober moved for an *Erie* transfer to the district court, and the district court transferred the case back to the tax court. *See Erie Mining Co. v. Comm'r of Revenue*, 343 N.W.2d 261, 264 (Minn.1984). Before the tax court, Schober argued that he had no sales tax liability because the sales tax was paid by the vendor when Schober purchased the materials and gave his clients a refund. Schober also argued that our opinion in *Schober I* made available the opportunity for a refund. Finally, Schober argued that his refund request and notice of appeal were timely. After an initial hearing in the tax court, Schober moved to amend his claims, arguing that denial of his refund violated the Fourteenth Amendment to the United States Constitution.

In its March 2, 2012 order, the tax court held that the Commissioner's March 7, 2011 letter was not an appealable order of the Commissioner because it is merely administrative correspondence. The tax court, therefore, concluded that it lacked subject-matter jurisdiction over the appeal. Notwithstanding this conclusion, the tax court also denied Schober's claim for a

---

1. Because in the tax court Schober waived the use-tax issue regarding his vehicle, we declined to address it on appeal. *Schober I*, 778 N.W.2d at 294.

refund, holding that because Schober failed to pay sales tax owed to the State and failed to file a sales tax return, nothing existed to refund in response to Schober's request. In addition, the tax court concluded that Schober's refund claim was barred by res judicata as a result of our decision in *Schober I*. Finally, the tax court denied Schober's motion to amend because the Fourteenth Amendment claim also was barred by res judicata. This appeal followed.

After briefing was completed, the appeal was scheduled on our nonoral calendar. After our consideration of the merits of Schober's arguments on appeal had commenced, the Commissioner moved to dismiss Schober's appeal based on our order in *Express Scripts, Inc. v. Comm'r of Revenue*, No. A12–1966, Order, 2013 WL 310642 (Minn. filed Jan. 18, 2013) (dismissing a petition for writ of certiorari as untimely under Minn.Stat. § 271.10, subd. 2 (2012)). We have recognized that judicial economy can be a relevant consideration in allowing tax challenges to proceed. *In re Objections & Defenses to Real Property Taxes*, 410 N.W.2d 321, 324 (Minn. 1987). Judicial economy also may favor resolving a submitted case when "the relevant questions have been briefed by the parties and the record is sufficient for [the court] to decide the ... issues." *Frazier v. Burlington N. Santa Fe Corp.*, 811 N.W.2d 618, 628–29 (Minn.2012). The arguments before us, which include an issue of first impression for the court, have been fully briefed, and the case was submitted for our consideration before the *Express Scripts* order cited by the Commissioner was filed. Based on principles of judicial economy, we therefore deny the Commissioner's motion to dismiss and proceed to address the merits of this appeal.

## I.

As a threshold matter, we consider whether the tax court has subject-matter jurisdiction over an appeal from a letter denying a taxpayer's request for a refund. Generally, our review of a final decision of the tax court is both limited and deferential. *Cont'l Retail, LLC v. Cnty. of Hennepin*, 801 N.W.2d 395, 398 (Minn.2011); *see also Singer v. Comm'r of Revenue*, 817 N.W.2d 670, 674 (Minn.2012). When we review a decision of the tax court, we determine whether the tax court has jurisdiction, whether the decision is both supported by the evidence and in conformity with the law, and whether the tax court committed any other error of law. *Eden Prairie Mall, LLC v. Cnty. of Hennepin*, 797 N.W.2d 186, 189 (Minn.2011). In doing so, we review the tax court's legal determinations de novo and its factual findings for clear error. *Cont'l Retail*, 801 N.W.2d at 398.

Schober argues that the Commissioner's March 7, 2011 letter concluding that his refund claim is untimely is a final order of the Commissioner that is appealable to the tax court. When the Commissioner denies a refund, Schober contends, the denial is issued as a letter, not as a formal order. As such, there will never be an order to appeal from in a refund-denial case. Moreover, the Commissioner defines "order" broadly, Schober argues, so as to encompass documents that instruct individuals to pay tax and indicate that such documents may be appealed to the tax court.

The Commissioner counters that Schober did not appeal from an official order of the Commissioner, the Commissioner's letter lacked all of the statutory indicia of an official order, and it did not articulate a ruling that the tax court could uphold, modify, or reverse. As a statutorily created administrative agency, the Commissioner argues, the tax court lacks subject-

matter jurisdiction over appeals that are not authorized by statute. Without an appealable order before the tax court, the Commissioner maintains, dismissal is required.

 "Subject-matter jurisdiction" has been defined as the tax court's authority to hear "the type of dispute at issue," and "[t]he tax court's authority depends, in the first instance, on the claims made." *Federated Retail Holdings, Inc. v. Cnty. of Ramsey,* 820 N.W.2d 553, 558 (Minn.2012). The obligation to pay taxes is a statutory creation. *Langer v. Comm'r of Revenue,* 773 N.W.2d 77, 80 (Minn.2009). The Legislature, therefore, is empowered to establish the conditions under which a tax should be assessed and enforced. *Id.* " '[C]ompliance with those conditions is essential if the remedy is not to be lost and the rights are not to cease to exist.' " *Id.* (quoting *State v. Bies,* 258 Minn. 139, 149, 103 N.W.2d 228, 236 (1960)).

Minnesota law provides that the tax court is "the sole, exclusive, and final authority for the hearing and determination of all questions of law and fact arising under the tax laws of the state . . . in those cases that have been appealed to the Tax Court." Minn.Stat. § 271.01, subd. 5 (2012). The tax court is empowered "to review and redetermine orders or *decisions* of the commissioner of revenue upon appeal therefrom in the cases authorized by law." Minn.Stat. § 271.05 (2012) (emphasis added). "[A]n appeal to the Tax Court may be taken . . . from any official order of the commissioner of revenue respecting any tax, fee, or assessment." Minn.Stat. § 271.06, subd. 1 (2012). An appealable order is a written order or decision "of the commissioner, or any subordinates, respecting any tax, assessment, or other obligation," that is "entered into the records of the commissioner." Minn.Stat. § 270C.33, subd. 1 (2012).

When a taxpayer files a refund claim with the Department of Revenue, Minnesota administrative rules require the Commissioner to "examine the return and make any investigation or examination of any of the accounts and records pertaining to the claim that the commissioner considers necessary." Minn. R. 8130.8100, subp. 3 (2011). After doing so, the Commissioner shall "determine the amount of refund, if any, that is due, and notify the taxpayer of the determination as soon as practicable after a claim has been filed." Minn.Stat. § 289A.50, subd. 4 (2012). The Commissioner's notification must include "written findings, either denying or allowing the claim, in whole or in part," and it must be mailed to the person filing the claim. Minn. R. 8130.8100, subp. 3. If the Commissioner notifies the taxpayer that the refund claim is denied in whole or in part, the taxpayer may file an appeal with the tax court, within 60 days after the Commissioner's notice of denial is issued. Minn.Stat. § 289A.50, subd. 7(1) (2012).

 A tax court order is appealable if it is a final order reflecting the exhaustion of all administrative remedies of the taxpayer. *Beuning Family LP v. Cnty. of Stearns,* 817 N.W.2d 122, 128 (Minn.2012) (ruling that a tax court order on a partial motion for summary judgment was not an appealable final order). An appealable order must finally adjudicate any legal rights, including whether the taxpayer is entitled to a refund of taxes paid and the amount of any refund. *Id.* We have not addressed whether an appeal may be taken from a letter of the Commissioner in response to a taxpayer's refund claim. In *Klein Bancorporation, Inc. v. Comm'r of Revenue,* the Minnesota Court of Appeals ruled that the Commissioner's letter was a final decision denying the taxpayers' claims that permitted the taxpayers to

seek judicial redress when the Commissioner's letter informed the taxpayers that: (1) the commissioner concluded the statute of limitations had run on their refund claims; (2) [the taxpayers] should provide the commissioner with notice and documentation of any factual or legal reason that would otherwise keep the claims open; and (3) there would be no further correspondence from the commissioner without a response from the taxpayers.

581 N.W.2d 863, 868 (Minn.App.1998), *rev. denied* (Minn. Sept. 22, 1998).

 We have held that an order is ripe for review when "the final determination of an inferior tribunal which, if unreversed, would constitute a final adjudication of some legal rights" of the taxpayer. *Youngstown Mines Corp. v. Prout,* 266 Minn. 450, 484, 124 N.W.2d 328, 351 (1963). The United States Supreme Court has defined the point when an agency's determination is final as that point in the administrative decisionmaking process when "judicial review will not disrupt the orderly process of adjudication and ... rights or obligations have been determined or legal consequences will flow from the agency action." *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 71, 91 S.Ct. 203, 27 L.Ed.2d 203 (1970). By contrast, an agency statement that does not have "legal force or practical effect" on the taxpayer's "daily business" is "not a definitive ruling or regulation" that can be considered a "final agency action." *Fed. Trade Comm'n v. Standard Oil Co. of Cal.,* 449 U.S. 232, 243, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980). Consistent with this standard, finality occurs when "nothing is still pending before the agency," *EPA Audio Visual, Inc. v. State,* 427 N.W.2d 271, 272 (Minn.App.1988), and "the result of [the agency] process directly affects a party,"

*In re Investigation into Intra–LATA Equal Access & Presubscription,* 532 N.W.2d 583, 588 (Minn.App.1995), *rev. denied* (Minn. Aug. 30, 1995). At a minimum, when the administrative process has been exhausted, due process requires that "absent a countervailing state interest of overriding significance," a party forced to settle its "claims of right and duty through judicial process must be given a meaningful opportunity to be heard." *Boddie v. Connecticut,* 401 U.S. 371, 377, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (holding that the state may not, consistent with the Due Process Clause, impose a required filing fee on an indigent party thereby blocking access to the courts for the purpose of obtaining a dissolution of marriage).

We now apply these principles to the facts at issue here. The Commissioner's March 7, 2011 letter to Schober indicates that the Commissioner carried out his statutory duties with respect to Schober's refund claim. Referring to the materials Schober submitted, the letter indicates that the Commissioner reviewed Schober's claim based on the record. The Commissioner made findings, including that the returns Schober was attempting to file were "beyond the timeframe prescribed by statute for taking these actions" and that our order denying Schober's petition for rehearing "did not extend the timeframe" for the actions that Schober was "attempting to take." We conclude from this correspondence that the Commissioner made a decision on Schober's claim for a refund. Much like the Commissioner's decision in *Klein Bancorporation,* 581 N.W.2d at 868, the Commissioner denied the claim as time barred and rendered a written decision in the form of a letter and mailed it to Schober. These actions fulfilled all of the Commissioner's responsibilities with respect to Schober's refund claim. *See* Minn.Stat. § 289A.50, subd. 4; Minn. R. 8130.8100, subp. 3.

The Commissioner is not required to issue a formal order in refund cases. *See* Minn.Stat. § 289A.50, subd. 4; Minn. R. 8130.8100, subp. 3. The rules only require the Commissioner to issue and mail a written decision to the taxpayer. *See* Minn. R. 8130.8100, subp. 3. The taxpayer may file an appeal with the tax court within 60 days after issuance of the Commissioner's notice of denial if the Commissioner notifies the taxpayer that the refund claim is denied in whole or in part. *See* Minn.Stat. § 289A.50, subd. 7(1). The Commissioner's letter of denial issued at the conclusion of the Commissioner's consideration of Schober's refund claim, therefore, is a final decision on the claim that may be appealed to the tax court.

The Commissioner's decision that Schober's claim is time barred effectively adjudicates Schober's legal right to a refund. The decision denies Schober the opportunity to recover funds to which he claims an entitlement. The Commissioner's decision is final because, having fulfilled the obligations with respect to Schober's claim, no further action on Schober's claim will be taken. With regard to Schober's refund claim, nothing remained before the Commissioner and no further option of administrative appeal under Minn.Stat. § 289A.50, subd. 7(1), was available to Schober.[2]

An appeal may be taken from a decision of the Commissioner as well as from an order. Minn.Stat. § 271.05. Although the Commissioner's letter to Schober lacks some of the language and indicia of a formal order, it has the legal and practical effect of an order by providing notice of the Commissioner's denial. The tax court decisions cited by the Commissioner are inapposite because they involve letters from the Department reiterating previously determined decisions and the consequences of them. *See, e.g., Piney Ridge Lodge, Inc. v. Comm'r of Revenue,* 718 N.W.2d 861, 863 (Minn.2006) (holding that a document informing the taxpayer that the Commissioner was about to commence a collection action was not an appealable order). Here, the Commissioner's letter constitutes a decision on Schober's refund claim on which the Commissioner had not previously ruled.

The United States Constitution and the Minnesota Constitution grant Schober the right of access to the courts when the Commissioner issues a final decision denying Schober's refund claim. U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 7; *see also Sisson v. Triplett,* 428 N.W.2d 565, 568 (Minn.1988) (holding that the basic requirements of the Fourteenth Amendment to the United States Constitution

---

**2.** When the Commissioner suggested in his March 7, 2011 letter that Schober contact the Taxpayer Rights Advocate, the Commissioner effectively conceded that the administrative process was complete. According to the Commissioner, the Taxpayer Rights Advocate may be able to assist a taxpayer, like Schober, who still believes he has "a legitimate claim for relief" after the taxpayer has "exhausted all other administrative options." *Taxpayer Rights,* Minn. Dep't of Revenue, (last updated Jan. 4, 2013), http://www.revenue.state.mn.us/ taxpayer_rights/Pages/Taxpayer_Rights.aspx. The role of the Taxpayer Rights Advocate is to "listen to [the taxpayer's] problem, ... check department records and discuss [the taxpay-er's] complaint with [the taxpayer]." *Taxpayer Rights,* Minn. Dep't of Revenue, (last updated Sept. 2, 2012), http://www.revenue.state. mn.us/taxpayer_rights/Pages/What_We_Do. aspx. The Taxpayer Rights Advocate, however, cannot "change Minnesota tax law for individual situations; interfere with normal processing systems unless a documented hardship situation exists; change time limits for filing, payment or refunds; [or] act as legal counsel for individual situations." *Id.* The Taxpayer Rights Advocate is an advisory resource for the public, not a legal authority authorized to review the decisions of the Commissioner.

and Article I, Section 7 of the Minnesota Constitution "are notice and an opportunity for a hearing appropriate to the case ... 'at a meaningful time and in a meaningful manner'") (quoting *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)). Having exhausted the available option of administrative appeal regarding his refund claim, Schober had no recourse other than the judicial process. *See* Minn.Stat. § 289A.50, subd. 7.

Because the March 7, 2011 letter that denied Schober's refund claim is a final decision of the Commissioner and a taxpayer may appeal the denial of a refund claim to the tax court, Minn.Stat. § 289A.50, subd. 7, the tax court's conclusion that it did not have jurisdiction over Schober's claim is erroneous.[3]

## II.

We next review the tax court's decisions addressing the merits of Schober's appeal. We begin with Schober's refund claim for taxes that he has not paid to the State. Schober argues that he is entitled to a refund because he reimbursed his customers for sales tax he collected. He maintains that his refund request is timely because he filed it within one year of our decision on the assessment of his tax burden.

The Commissioner challenges Schober's refund claim on three grounds. First, because Schober failed both to file a timely tax return reporting his tax liability and to pay the taxes he collected from his customers to the State, he is not entitled to a refund. In sum, there is no money to refund. Second, Schober is without a legally valid reason for failing to pay his taxes, and he failed to pay his customers the interest he owed them. Finally, the

Commissioner argues, Schober's refund claim is untimely because the one-year statutory deadline for refund claims runs from the date of the Commissioner's order determining an administrative appeal.

We review de novo the tax court's conclusions of law and interpretation of statutes. *Stevens v. Comm'r of Revenue*, 822 N.W.2d 646, 652 (Minn.2012) (citing *Sanchez v. Comm'r of Revenue*, 770 N.W.2d 523, 525 (Minn.2009)). Whether a taxpayer is entitled to a refund is governed by Minnesota statutes and rules. Most pertinent to our analysis is Minn.Stat. § 289A.50, subd. 1(a) (2012), which provides that "a taxpayer who has paid a tax in excess of the taxes lawfully due and who files a written claim for refund will be refunded or credited the overpayment of the tax determined by the commissioner to be erroneously paid." A person who has overpaid sales tax for a given period may file a claim for a refund with the Commissioner for the amount of the overpayment. Minn. R. 8130.8100, subp. 1 (2011). But to claim a refund, the taxpayer must have paid the tax to the Commissioner and "filed the sales and use tax return upon which the claim is based directly to the commissioner." Minn. R. 8130.8100, subp. 2 (2011). "The claim must specify the name of the taxpayer, the date when and the period for which the tax was paid, the kind of tax paid, the amount of the tax that the taxpayer claims was erroneously paid, [and] the grounds on which a refund is claimed ... in the form required by the commissioner." Minn.Stat. § 289A.50, subd. 1(b)(2012).

In *Schober I*, the tax court ordered Schober to remit to the State $5,274.19 in accordance with the Commissioner's notice of determination on appeal. We affirmed

---

**3.** Because the tax court addressed the merits of Schober's claim notwithstanding its conclusion that it lacked jurisdiction, a remand is not required.

that the "tax court correctly upheld the commissioner's assessment of tax liability." *Schober I*, 778 N.W.2d at 292. Although Schober may have reimbursed some of his customers after our ruling in *Schober I*, he did not remit to the State any payment on the taxes due. Rather, Schober seeks to have the refund he claims applied as a credit to his unpaid account.

■ Minnesota law does not authorize the Commissioner to credit a taxpayer's unpaid account based on a refund owed to the taxpayer. Rather, the statutes and rules addressing refunds refer to the return of funds paid to the State. For example, section 289A.50 directs that "a taxpayer *who has paid a tax in excess of the taxes lawfully due* and who files a written claim for refund will be refunded or credited the overpayment of the tax determined by the commissioner to be erroneously paid." Minn.Stat. § 289A.50, subd. 1(a) (emphasis added); *see also* Minn.Stat. § 289A.50, subd. 1(b) (requiring the inclusion of "the date when ... the tax was paid"); Minn. R. 8130.8100, subp. 1 (2011) (referring to a person who has "overpaid sales or use tax"); Minn. R. 8130.8100, subp. 2 (requiring that the taxpayer "must have paid the tax"). Because Schober's refund claim on unpaid taxes lacks any legal authority, we affirm the tax court's denial of this claim without addressing the remaining grounds for denial advanced by the Commissioner.

### III.

■ We next consider whether Schober's claim for a reduction of his tax liability is barred by res judicata. Schober contends that res judicata does not apply because the instant issue—whether Schober is entitled to a reduction in his tax liability based on his reimbursement of certain customers—was not addressed in *Schober I*. Likewise, Schober contends

that neither the amount nor the identity of the refund recipients has been previously determined. The Commissioner counters that because Schober has not paid *any* taxes to the State, Schober actually seeks a reduction in his sales tax liability—not a tax refund. Because we previously determined Schober's liability for the sales taxes he charged his customers, the Commissioner argues that Schober's continued dispute of his tax liability is barred by res judicata. We agree.

■ The application of res judicata presents a question of law subject to de novo review. *Wilson v. Comm'r of Revenue*, 619 N.W.2d 194, 197 (Minn.2000). A claim is barred by the doctrine of res judicata when (1) litigation on a prior claim involved the same cause of action, (2) there was a judgment on the merits, (3) the claim involved the same parties or their privies, and (4) the party against whom res judicata is applied has had a full and fair opportunity to litigate the matter in the prior proceeding. *Id.* at 198. When these four requirements have been satisfied, res judicata bars claims regarding matters actually litigated and every matter that might have been litigated in the prior proceeding. *Id.* Although the doctrine of res judicata should not be applied rigidly in contravention of public policy, *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn.2004), the doctrine "reflects courts' disfavor with multiple lawsuits for the same cause of action and wasteful litigation," *Wilson*, 619 N.W.2d at 198. The commonly used test for determining whether a former judgment bars subsequent action is to inquire whether the same evidence will sustain both actions. *McMenomy v. Ryden*, 276 Minn. 55, 58, 148 N.W.2d 804, 807 (1967).

Because Schober is not entitled to a *refund* of taxes that he has not paid and he requests a credit against his unpaid taxes,

Schober effectively seeks a readjudication of his tax liability. Such readjudication raises the issue of res judicata. Applying the four-factor test articulated above, we conclude that Schober's claim is barred. First, although Schober asserts that his claim for a refund is distinct from his claim regarding unpaid sales tax in *Schober I*, we are not persuaded. Both claims are founded on Schober's liability for sales tax collected from his business customers that he failed to remit to the State in tax years 2000 through 2005. Here, as he did in *Schober I*, Schober seeks a reduction in his tax liability. Because he has not paid any taxes on which he could receive a refund based on his reimbursement of customers, Schober's refund claim fundamentally is a request to readjudicate his tax liability for the same years. Schober does not raise a new issue before the court.

As to the second factor, although *Schober I* did not squarely address whether Schober was entitled to a refund, Schober's overall tax liability, which Schober now seeks to readjudicate, was before us. In *Schober I*, we concluded that refunds based on reimbursement of customers are appropriate only when "the tax ha[s] been paid to the state." *Schober I*, 778 N.W.2d at 293. Citing Minn.Stat. § 289A.50, subd. 2, which requires the taxpayer to remit the tax to the State first, we also opined that Schober would have "the opportunity to claim a credit on future returns or file refund claims" based on his reimbursements to customers. *Schober I*, 778 N.W.2d at 293. As such, there was a judgment both on the merits of Schober's overall tax liability and on his ability to claim a refund.

The parties here, Schober and the Commissioner of Revenue, are the same parties in *Schober I*. The third res judicata factor, therefore, is met. *See Wilson*, 619 N.W.2d at 198 (whether "the claim involved the same parties or their privies"). The fourth

factor-whether "the party against whom res judicata is applied ... had a full and fair opportunity to litigate the matter in the prior proceeding," *id.*, also is satisfied here. Schober had a full opportunity to litigate his tax liability before the tax court in *Schober I*. He then appealed the tax court's decision to us, where he also had a full and fair opportunity to litigate his claim.

Because Schober's claim for a refund of unpaid taxes satisfies each res judicata criterion and Schober had a full and fair opportunity to litigate his claim, the tax court correctly concluded that Schober's claim is barred by res judicata.

## IV.

Finally, we consider whether the tax court abused its discretion by denying Schober's motion to amend his notice of appeal to add constitutional claims. Schober asserts that, because the State has received sales tax three times on the items in question, once from him, once from the vendors from whom he purchased the materials, and once from his customers, he has been denied the equal protection and due process guarantees of the Fourteenth Amendment to the United States Constitution. Specifically, Schober maintains that, because his refund claim was denied and no credit was applied to his tax liability, the interest, penalties, and fines are an unconstitutional punishment.

 We will not disturb the tax court's decision to deny Schober's motion to amend a pleading under Minn. R. Civ. P. 15.01,[4] absent a clear abuse of discretion. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

 Rule 15.01 provides that, after a responsive pleading is served, a party may amend a pleading only by leave of court. Minn. R. Civ. P. 15.01. In addition, "leave shall be freely given when justice so requires." *Id.* But leave to

---

4. The Minnesota Rules of Civil Procedure generally apply to proceedings before the tax court. Minn.Stat. § 271.06, subd. 7 (2012).

amend should not be granted when doing so "would result in prejudice to the other party." *Fabio,* 504 N.W.2d at 761–62 (holding that the district court did not abuse its discretion by denying a party's motion to amend when the substance of the amendment was barred by the statute of limitations). Additionally, it is not an abuse of discretion to deny an motion to amend when the proposed amended claim would fail as a matter of law. *Johnson v. Paynesville Farmers Union Coop. Oil Co.,* 817 N.W.2d 693, 714 (Minn.2012).

■■■ Schober filed his notice of appeal with the tax court on March 7, 2011. Six months later, on September 7, 2011, the tax court held the first hearing. Schober filed a motion to amend on December 3, 2011, seeking to add a claim that denial of his refund constitutes double taxation in violation of the Fourteenth Amendment to the United States Constitution.

Schober's Fourteenth Amendment argument is founded on the theory that denying his refund claim and requiring him to remit his sales tax to the State results in multiple taxation. He further contends that the accompanying interest and penalties place an unconstitutional burden on him. In *Schober I,* however, we considered and ruled on Schober's Fourteenth Amendment claims with respect to his tax liability. *Schober I,* 778 N.W.2d at 293.

It is not an abuse of discretion for a court to deny a motion to amend when the amended claim fails as a matter of law. Our ruling on Schober's Fourteenth Amendment claim in *Schober I* not only subjects his revival of the claim to the principles of res judicata, but it also would be prejudicial to the Commissioner if the Commissioner were required to invest resources in rearguing the legally barred claim. Because Schober's Fourteenth Amendment claim is barred by res judicata, the tax court did not abuse its discretion by denying Schober's motion to amend.

Affirmed in part, reversed in part.

STRAS and DIETZEN, JJ., dissenting.

### DISSENT

STRAS, Justice (dissenting).

Relator Ronald L. Schober's late filing with this court does not satisfy the requisite strict adherence to the statutory filing requirements for tax court appeals. *See Beuning Family LP v. Cnty. of Stearns,* 817 N.W.2d 122, 129 (Minn.2012). Accordingly, for many of the same reasons stated in my dissent in *Harbaugh v. Commissioner of Revenue,* 830 N.W.2d 881, 2013 WL 2221493, No. A12–1342 (Minn. May 22, 2013), I would dismiss Schober's petition for a writ of certiorari in this case.

DIETZEN, Justice (dissenting).

I join in the dissent of Justice Stras.