*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2041**

Bemidji Township,
Appellant,

vs.

City of Bemidji,
Respondent,

Northern Township,
Respondent,

Greater Bemidji Area Joint Planning Board,
Respondent.

**Filed July 20, 2015
Reversed & remanded
Johnson, Judge**

Beltrami County District Court
File No. 04-CV-14-1119

John J. Steffenhagen, Hellmuth & Johnson, PLLC, Edina, Minnesota (for appellant)

James J. Thomson, Kennedy & Graven, Chartered, Minneapolis, Minnesota (for City of Bemidji)

Paul D. Reuvers, Jason J. Kuboushek, Iverson Reuvers Condon, Bloomington, Minnesota (for Northern Township)

George C. Hoff, Jared D. Shepherd, Hoff, Barry & Kozar, P.A., Eden Prairie, Minnesota (for Greater Bemidji Area Joint Planning Board)

        Considered and decided by Hooten, Presiding Judge; Cleary, Chief Judge; and

Johnson, Judge.

UNPUBLISHED OPINION

**JOHNSON**, Judge

This appeal concerns a set of disputes between Bemidji Township and the City of Bemidji, Northern Township, and the Greater Bemidji Area Joint Planning Board (JPB) concerning their respective and joint responsibilities over land-use and zoning issues. This is the second lawsuit relating to that general subject. Bemidji Township previously was unsuccessful in a lawsuit against the City in which similar issues were raised or sought to be raised. For that reason, the district court dismissed Bemidji Township's second lawsuit, primarily on the grounds of *res judicata* and collateral estoppel. We conclude that the requirements of *res judicata* and collateral estoppel have not been satisfied. But we also conclude that an arbitrator must resolve the question whether the second lawsuit is barred by the release provision of the settlement agreement that resolved the first lawsuit. Therefore, we reverse and remand for further proceedings.

## FACTS

The facts and procedural history relevant to this appeal include the facts and procedural history of the first lawsuit brought by Bemidji Township. We need not and will not repeat all of that information, which was thoroughly discussed in this court's opinion in the first lawsuit, in which we affirmed the district court's judgment in favor of the City. *See Bemidji Twp. v. City of Bemidji*, No. A14-0637, 2015 WL 2341112 (Minn. App. May 18, 2015), *pet. for review filed* (Minn. June 17, 2015).

Bemidji Township commenced its second lawsuit against the City in April 2014. In the second lawsuit, Bemidji Township sued not only the City but also Northern

Township (which is adjacent to the City in Beltrami County) and the JPB (an entity created pursuant to Minn. Stat. § 471.59 (2014), which is comprised of elected officials of Bemidji Township, the City, and Northern Township).

Bemidji Township's complaint in the second lawsuit consists of four counts. Bemidji Township's primary allegations are in count 2, which alleges a claim of breach of contract. Count 2 has four parts, which we categorize and summarize as follows: (a) Northern Township breached the OAA by engaging with the City in selective and accelerated annexation (*see* paragraphs 17-22 of the complaint); (b) the City breached the settlement agreement by not facilitating Northern Township's approval of that agreement (*see* paragraphs 23-31 of the complaint); (c) all defendants breached the JPA and RJPA by facilitating the JPB's exercise of land-use control without a comprehensive plan (*see* paragraphs 32-34 of the complaint); and (d) all defendants violated the temporary injunction by impairing Bemidji Township's land-use authority (*see* paragraphs 35-37 of the complaint).

Two other counts of the complaint are relevant to this appeal. In count 3, Bemidji Township alleges that all defendants breached the implied covenant of good faith and fair dealing. In count 1, Bemidji Township seeks a declaratory judgment that the JPA, RJPA, and OAA are unenforceable due to the defendants' breaches of those agreements. Counts 1 and 3 are, in essence, derivative of counts 2(a), 2(b), and 2(c) because counts 1 and 3 seek relief based on the same alleged facts. Count 4 has been dismissed with prejudice by stipulation of the parties and, thus, is not relevant to the appeal.

In July 2014, the City, Northern Township, and the JPB filed separate motions to dismiss Bemidji Township's complaint. In October 2014, the district court issued an order and memorandum in which it granted each defendant's motion. The district court reasoned that the claims that we have described as counts 2(a) and 2(c), as well as the corresponding portions of counts 1 and 3, are barred by the doctrine of *res judicata*. The district court reasoned that count 2(d) is barred by the doctrine of collateral estoppel. The district court reasoned that count 2(b) must be resolved through arbitration, and Bemidji Township does not challenge that part of the district court's ruling on appeal.

Bemidji Township appeals from the dismissal of counts 2(a), 2(c), and 2(d) and the corresponding portions of counts 1 and 3.

## D E C I S I O N

Bemidji Township argues that the district court erred by granting the three motions to dismiss.

### I. Res Judicata

The district court concluded that counts 2(a) and 2(c) and the corresponding portions of counts 1 and 3 are barred by the doctrine of *res judicata*. Count 2(a) is asserted against Northern Township only; count 2(c) is asserted against all three defendants.

The doctrine of *res judicata*, also known as claim preclusion, prevents a party from asserting a claim after the completion of a prior lawsuit involving an earlier claim if "'(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privities; (3) there was a final judgment on the merits;

4

(4) the estopped party had a full and fair opportunity to litigate the matter.'" *Brown-Wilbert, Inc. v. Copeland Buhl & Co.*, 732 N.W.2d 209, 220 (Minn. 2007) (quoting *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)); *see also Rucker v. Schmidt*, 794 N.W.2d 114, 117 (Minn. 2011). "Res judicata applies equally to claims actually litigated and to claims that could have been litigated in the earlier action." *Brown-Wilbert*, 732 N.W.2d at 220. This court applies a *de novo* standard of review to a district court's application of the doctrine of *res judicata*. *Schober v. Commissioner of Revenue*, 853 N.W.2d 102, 111 (Minn. 2013); *Hauschildt*, 686 N.W.2d at 840.

## A. First Requirement: Same Set of Factual Circumstances

"[A] plaintiff may not split his cause of action and bring successive suits involving the same set of factual circumstances." *Hauschildt*, 686 N.W.2d at 840 (quotation omitted). To determine whether the claims alleged in two lawsuits involve the same set of factual circumstances, courts "'inquire whether the same evidence will sustain both actions.'" *Id.* at 840-41 (quoting *McMenomy v. Ryden,* 276 Minn. 55, 58, 148 N.W.2d 804, 807 (1967)). Claims alleged in two different lawsuits "cannot be considered the same cause of action if the right to assert the second claim did not arise at the same time as the right to assert the first claim." *Id.* at 841 (quotation omitted).

Bemidji Township contends that the district court erred by reasoning that count 2(c), which is asserted against all three defendants, involves the same set of factual circumstances as the claims alleged in the first lawsuit. The district court concluded that the allegations relevant to count 2(c) involve the same set of factual circumstances as the corresponding allegations in the first lawsuit because "the facts of both cases regarding

5

the comprehensive plan have not changed over time" and "[w]hether or not there was a comprehensive plan in place and whether or not it was required to be in place under the JPA or RJPA are facts that existed and were known at the initial lawsuit." But the first lawsuit did not encompass the question whether a comprehensive plan was in place when the JPB began exercising authority over planning and zoning at the direction of the City and Northern Township. Neither the complaint in the first lawsuit nor the settlement agreement referred to the issue of a comprehensive plan. In the first lawsuit, Bemidji Township alleged breaches of the OAA but did not allege breaches of the JPA or RJPA, which are the agreements that Bemidji Township now claims were breached in count 2(c). Because the two lawsuits concern breaches of different agreements, the evidence that would sustain Bemidji Township's allegations in count 2(c) is different from the evidence that would have been offered in support of Bemidji Township's allegations in the first lawsuit.[1] *See id.*

Thus, respondents have not satisfied the first requirement of the doctrine of *res judicata* with respect to count 2(c) and the corresponding portions of counts 1 and 3.

---

[1] A side-by-side comparison of the proposed amended complaint in the first lawsuit and the complaint in the second lawsuit demonstrates that count 2(c) is a reformulation of the claims that Bemidji Township attempted to add, but was not allowed to add, in its motion to amend the complaint (which was, in reality, a motion to supplement the complaint, *see* Minn. R. Civ. P. 15.04). Specifically, the allegations supporting count 2(c), which are found in paragraphs 32-34 of the complaint in this lawsuit, are substantially identical to the allegations in paragraphs 54-58 of Bemidji Township's proposed amended complaint in the first lawsuit. The City opposed the motion to amend in part by stating that Bemidji Township "is, of course, free to assert its [new] claims in a new lawsuit." The district court's denial of the motion to amend prompted Bemidji Township's second lawsuit, as adumbrated by the city's counsel.

6

This conclusion is a sufficient basis to reverse the district court's judgment in favor of the City, Northern Township, and the JPB with respect to those claims.[2]

## B.     Second Requirement: Same Party or in Privity with Same Party

The doctrine of *res judicata* applies only to a person who was a party to a prior case or is in privity with a party to the prior case. *Rucker*, 794 N.W.2d at 117. In this sense, privity is an "exception" to the general rule that only parties to a prior case may be bound by a judgment in that case. *Richards v. Jefferson Cnty.*, 517 U.S. 793, 798, 116 S. Ct. 1761, 1766 (1996). A person is in privity with a party only if the person's "'interests are affected by the judgment with reference to interests involved in the action, as if they were parties,'" *Rucker*, 794 N.W.2d at 118 (quoting *Margo-Kraft Distribs., Inc. v. Minneapolis Gas Co.*, 294 Minn. 274, 278, 200 N.W.2d 45, 47 (1972) (quoting Restatement (First) of Judgments § 83 cmt. A (1942))), or if the person "is otherwise so identified in interest with another that he represents the same legal right," *id.* (quotations omitted).

Bemidji Township contends that the district court erred by concluding that Northern Township and the JPB are in privity with the City for purposes of this dispute. The district court reasoned that Northern Township is in privity with the City because "[i]t is impossible to say that Northern Township was not connected to the interests of the

---

[2]Bemidji Township's challenge to the district court's application of the doctrine of *res judicata* also extends to count 2(a), which is asserted solely against Northern Township. In light of our conclusion below in part I.B., we need not analyze whether count 2(a) involves the same set of factual circumstances as the claims in the first lawsuit.

7

first lawsuit as if it was a party."[3] The caselaw makes clear, however, that sharing a common interest in the outcome of a case is insufficient to establish privity. *See id.* at 118-19; *State v. Lemmer*, 736 N.W.2d 650, 660-61 (Minn. 2007). Privity may exist if, for example, a non-party controlled the party's actions in the previous case, had interests that were represented by the party in the previous case, is a successor in interest, or is otherwise "so identified in interest with another that [the non-party] represents the same legal right." *Rucker*, 794 N.W.2d at 118 (quotations omitted). Northern Township appears to rely on the last of these examples. But the City and Northern Township are separate legal entities with separate legal interests (and, we note, separate counsel). *See City of New York v. Beretta U.S.A. Corp.*, 315 F. Supp. 2d 256, 267 (E.D.N.Y. 2004) (reasoning that "distinct" government agencies are not in privity if "applying preclusion would interfere with the proper allocation of authority between them" (quotation omitted)); *see also* Restatement (Second) of Judgments § 36 cmt. f (1980). Northern Township's claim of privity is inconsistent with the fact that it refused to give its approval to a significant provision of the settlement agreement, to which the City had agreed in full, thereby frustrating the complete resolution of the first lawsuit. Northern Township's actions during and following the first lawsuit demonstrate that its interests

---

[3]All parties to this appeal implicitly agree that privity is necessary to allow Northern Township to benefit from the district court's judgment in the first lawsuit. No party contends that Northern Township can satisfy the second requirement of the doctrine of *res judicata* on the ground that the district court in the first lawsuit *sua sponte* made Northern Township a party to that case. The absence of such a contention is consistent with the fact that Bemidji Township was not granted leave to amend its complaint to assert claims against Northern Township in the first lawsuit.

are separate and distinct from the City's interests. Thus, Northern Township is not in privity with the City.

The district court concluded that the JPB is in privity with the City because "the JPB's interests in the previous lawsuit were represented." But, again, the City and the JPB are separate legal entities with separate legal interests (and separate counsel). *See City of New York*, 315 F. Supp. 2d at 267. Specifically, the City entered into a settlement agreement with Bemidji Township that would have released Bemidji Township from membership in the JPB, thereby substantially decreasing the scope and authority of the JPB, if Northern Township had approved. This alone demonstrates that the City was "pursuing its own interests" in the first lawsuit and "acting in its own behalf and without any accountability to" the JPB such that "the requisite privity is lacking." *Pirrotta v. Independent Sch. Dist. No. 347*, 396 N.W.2d 20, 22 (Minn. 1986) (holding that employer and employee were not in privity despite fact that interests "happened to coincide" in prior matter). In addition, a finding of privity based solely on the City's membership in the JPB would be incongruous because Bemidji Township also is a member of the JPB, but Bemidji Township and the JPB obviously are not in privity with each other. Thus, the JPB is not in privity with the City.

Neither Northern Township nor the JPB has satisfied the second requirement of the doctrine of *res judicata* with respect to counts 2(a) and 2(c) and the corresponding portions of counts 1 and 3. This conclusion is a sufficient basis to reverse the district court's judgment in favor of Northern Township and the JPB with respect to those claims.

9

Therefore, the district court erred by dismissing counts 2(a) and 2(c) and the corresponding portions of counts 1 and 3 on the basis of the doctrine of *res judicata*.

## II.  Collateral Estoppel

The district court concluded that count 2(d) is barred by the doctrine of collateral estoppel.  The doctrine of collateral estoppel precludes the re-litigation of issues that previously were decided in a prior lawsuit.  *Hauschildt*, 686 N.W.2d at 840.  To establish that the doctrine applies, a party must satisfy each of the following requirements:

> (1) the issues in the prior and present adjudication must be identical; (2) there must have been a final adjudication on the merits; (3) the estopped party must have been a party or in privity with a party to the prior adjudication; (4) and the estopped party must have been given a fair and full opportunity to be heard on the adjudicated issue.

*Haavisto v. Perpich*, 520 N.W.2d 727, 731 (Minn. 1994).

The issue whether respondents violated the temporary injunction was not decided in the first lawsuit.  The temporary injunction was issued on December 3, 2013.  The temporary injunction was vacated a few months later, on March 20, 2014, when the district court dismissed the first lawsuit pursuant to the settlement agreement and the arbitrator's decision concerning the settlement agreement.  Bemidji Township attempted to amend its complaint in the first lawsuit to add alleged violations of the temporary injunction, but its motion was denied.  The district court simply did not resolve the substance of Bemidji Township's allegation that respondents violated the temporary injunction when the district court denied the motion to amend, vacated the temporary injunction, or dismissed the first lawsuit.  Thus, respondents have not satisfied the second

requirement of the doctrine of collateral estoppel, which requires a "final adjudication," because there was no adjudication at all of the issue whether respondents violated the temporary injunction. *See Haavisto*, 520 N.W.2d at 731. Therefore, the district court erred by dismissing count 2(d) on the basis of the doctrine of collateral estoppel.

### III. Alternative Grounds for Affirmance

### A. Failure to State a Claim Upon Which Relief May be Granted

In their responsive briefs, the City and the JPB argue in the alternative that, if the district court erred by dismissing the second lawsuit based on the doctrines of *res judicata* and collateral estoppel, the district court's judgment nonetheless should be affirmed on the ground that Bemidji Township's complaint fails to state a claim upon which relief can be granted. In its reply brief, Bemidji Township argues that the City and the JPB have not preserved this alternative argument because they did not present it to the district court in connection with their respective motions to dismiss.

As a general rule, a respondent on appeal may assert alternative grounds for affirmance so long as the respondent preserved the alternative argument by presenting it to the district court. *See Day Masonry v. Independent Sch. Dist. 347*, 781 N.W.2d 321, 331 (Minn. 2010). In this case, however, both the City and the JPB failed to preserve this alternative argument. Neither the City nor the JPB argued in their respective initial memoranda of law in support of their motions to dismiss that Bemidji Township's complaint fails to state a claim upon which relief can be granted. Both the City and the JPB made such an argument only in their respective reply memoranda of law. But a moving party may not make an argument for relief for the first time in a reply

11

memorandum of law. Minn. R. Gen. Pract. 115.03(c). In this case, the district court did not consider or even mention the alternative argument that Bemidji Township's complaint fails to state a claim upon which relief can be granted, and appropriately so. Accordingly, neither the City nor the JPB has preserved this alternative argument for appellate review. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Thus, we will not consider in the first instance the City's and the JPB's alternative argument that Bemidji Township's complaint in the second lawsuit fails to state a claim upon which relief can be granted.

## B.    Contractual Release

In its responsive brief, the City argues in the alternative that, if the district court erred by dismissing the second lawsuit based on the doctrines of *res judicata* and collateral estoppel, the district court's judgment nonetheless should be affirmed on the ground that Bemidji Township's claims against the City for breach of the JPA (*i.e.*, count 2(c) and the corresponding portions of counts 1 and 3) are barred by the provision in the settlement agreement in which Bemidji Township released the city from future claims. The release provision states as follows:

> It is the specific intent of the parties to release and discharge the other from any and all claims and causes of action of any kind or nature whatsoever, whether known or unknown, asserted or unasserted, and whether specifically mentioned herein or not, which may exist or might be claimed to exist, at, prior to or subsequent to the date hereof by reason of any matter or thing arising out of or in connection with the claims in this mediation, and any matter relating thereto. The parties specifically waive any right to assert that any claim has been, through oversight or error, or intentionally or

unintentionally omitted from this Mediated Settlement Agreement.

Likewise, the JPB argues that it is a third-party beneficiary of the settlement agreement between the City and Bemidji Township such that the release provision should bar Bemidji Township's claims against the JPB as well.

In response, Bemidji Township argues that any disputes relating to the scope or effect of the settlement agreement must be resolved in arbitration, as provided by a different provision of the settlement agreement. The arbitration provision of the settlement agreement states, "Any dispute(s) and/or questions of any kind or nature regarding this Settlement shall be decided by Binding Arbitration before the Mediator, who shall be the sole Arbitrator." Anticipating Bemidji Township's argument, the City contends that Bemidji Township has waived its right to demand arbitration by commencing the second lawsuit. In the district court, however, the City did not argue that Bemidji Township waived its right to arbitrate the effectiveness and applicability of the release provision of the settlement agreement, even though Bemidji Township invoked the arbitration provision in its memorandum of law in opposition to the City's motion to dismiss. Thus, the City has not preserved its argument that Bemidji Township has waived its right to arbitrate the parties' dispute concerning the release provision of the settlement agreement. *See Thiele*, 425 N.W.2d at 582.

We turn to the substance of Bemidji Township's counter-argument to the City's alternative argument. The pertinent language of the arbitration provision is broad. It applies to "[a]ny dispute(s) and/or questions of any kind or nature regarding this

Settlement." Whether the release provision in the settlement agreement bars, in whole or in part, Bemidji Township's claims against the City in the second lawsuit is a matter within the scope of the arbitration provision. *See David Co. v. Jim W. Miller Constr., Inc.,* 444 N.W.2d 836, 842 (Minn. 1989) (giving broad interpretation to "extremely broad" arbitration clause covering "all claims, disputes, and other matters in question"). Thus, the City's and the JPB's alternative argument that Bemidji Township's claims are barred, in whole or in part, by the release provision of the settlement agreement must be resolved in arbitration.

In sum: Counts 2(a) and 2(c) of Bemidji Township's complaint, and the corresponding portions of counts 1 and 3, are not barred by the doctrine of *res judicata*. Count 2(d) of Bemidji Township's complaint is not barred by the doctrine of collateral estoppel. Whether the claims against the City and the JPB are barred, in whole or in part, by the release provision of the settlement agreement must be resolved in arbitration. Therefore, we reverse the judgment of the district court and remand the case to the district court, with instructions that the district court compel arbitration of the issues identified above in part III.B., stay litigation in the district court while the arbitration is pending, and thereafter conduct further proceedings, as appropriate.

**Reversed and remanded.**