**Oliver DAHLE, petitioner, Respondent,**

v.

**RED LAKE WATERSHED DISTRICT, Appellant.**

**No. C2-84-588.**

Court of Appeals of Minnesota.

Sept. 18, 1984.

 

Ruth A. Jenny, Charlson & Marben, P.A., Thief River Falls, for respondent.

Neil A. McEwen, McEwen Law Office, Thief River Falls, for appellant.

Considered and decided by HUSPENI, P.J., and NIERENGARTEN and RAN-DALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Red Lake Watershed District appeals from the trial court's order requir-. ing Red Lake to proceed under Minn.Stat. § 197.46 (1982) of the Veterans Preference Act in its attempt to discharge respondent Dahle from his employment. We affirm.

## FACTS

Respondent Dahle was hired by appellant Red Lake in 1980 as a department head. Red Lake is a watershed district operating under Minn.Stat. ch. 112. Dahle is an honorable dischargee of the United States military service. Dahle was fired on December 28, 1983, without a hearing, notice or written statement of charges. Red Lake contends that Dahle wasn't entitled to these procedural requirements afforded by the Veterans Preference Act because it, as a watershed district, is not subject to the Veterans Preference Act and, even if it were, Dahle's position was not covered by the Act. The trial court issued a writ of mandamus requiring Red Lake to give Dahle a hearing as required by the Veterans Preference Act. Red Lake appeals.

## ISSUES

1. Is a watershed district a political subdivision within the meaning of Minn.Stat. § 197.46 of the Veterans' Preference Act?

2. Is the position of respondent Dahle, as an employee of appellant Red Lake, excluded from the Veterans Preference Act?

## ANALYSIS

### I

### Watershed is a Political Subdivision.

■ The Veterans Preference Act protects veterans who are employed by "counties, cities, towns, school districts and all other political subdivisions" in the State of Minnesota from removal of employment without a hearing, upon due notice, upon stated charges, in writing. Minn.Stat. § 197.46 (1982). Dahle was an administrator employed by Red Lake, which is a watershed district established pursuant to the provisions of Minn.Stat. ch. 112, the Minnesota Watershed Act.

A "political subdivision" is defined as: any agency or unit of this state which now is, or hereafter shall be, authorized to levy taxes or empowered to cause taxes to be levied.

Minn.Stat. § 471.49, subd. 3 (1982). Watershed districts are "empowered to cause taxes to be levied" by virtue of Minn.Stat. § 112.60, subd. 1 (1982). The district, through its managers, can require the county auditor to make assessments to pay for any conservation program developed by the district. *Id.* The Watershed Act itself provides for "the establishment of a public corporation" for the purposes of carrying out conservation of the natural resources of the State of Minnesota. Minn.Stat. § 112.34, subd. 1 (1982).

Red Lake, however, contends section 112.34, subd. 1 does not include a watershed district because the controlling definition of "public corporation" clearly removes Red Lake from consideration as a public corporation. Public corporation is defined as:

a county, town, school district, or a political division or subdivision of the state. Public corporation, except where the context clearly indicates otherwise, does not mean a watershed district.

Minn.Stat. § 112.35, subd. 3 (1982). This definition does not exclude the watershed district. Red Lake's interpretation is contrary to the intent of section 112.34 to create a corporation designed to meet the specific purposes of conservation action envisioned by chapter 112. The chapter 112 definition is designed to cover references to "public corporation" other than a watershed district as used in chapter 112.

The trial court correctly found Red Lake to be a political subdivision of the State of Minnesota and, therefore, subject to the Veterans Preference Act.

### II

### Dahle is a Person Protected by the Veterans Preference Act.

Red Lake contends that Dahle, as administrator with Red Lake, is excluded from protection of the Veterans Preference Act because he is a department head. This contention is based on the language of section 197.46 which does not apply to a "head of a department, or to any person holding a strictly confidential relation to the appointing officer." Minn.Stat. § 197.46 (1982).

■ Red Lake did not raise this issue at either the order to show cause hearing or in its answer to the order to show cause. Because the matter was not fully litigated at the trial level, it is not reviewable at the appellate level.

A reviewing court must limit itself to a consideration of only those issues that the record shows were presented and considered by the trial court in deciding the matter before it.

*Thayer v. American Financial Advisers, Inc.,* 322 N.W.2d 599, 604 (Minn.1982).

### DECISION

The Red Lake Watershed District is a political subdivision within the meaning of Minn.Stat. § 197.46 (1982) of the Veterans Preference Act, thereby entitling Dahle to the protections of the procedural requirements afforded by the Act.

Whether a discharged department head of a watershed district is exempt from the Veterans Preference Act cannot be raised for the first time on appeal, but is a matter that can be determined by the hearing au-

thority established under the provisions of Minn.Stat. § 197.46 (1982).

Affirmed.