Jane DOE 175, a minor, by her mother and natural guardian, Mother DOE 175, Respondent,

v.

**COLUMBIA HEIGHTS SCHOOL DISTRICT, ISD No. 13, Appellant,**

Christopher Lloyd Warnke, Respondent.

No. A13–0768.

Court of Appeals of Minnesota.

Jan. 21, 2014.

Jeffrey R. Anderson, Sarah G. Odegaard, Jeff Anderson & Associates, P.A., St. Paul, MN, for respondent Jane Doe 175.

Margaret A. Skelton, Christian R. Shafer, Scott E. Schraut, Ratwik, Roszak & Maloney, P.A., Minneapolis, MN, for appellant Columbia Heights School District.

Christopher Lloyd Warnke, Anoka, MN, pro se respondent.

Susan L. Naughton, League of Minnesota Cities, St. Paul, MN, for amici curiae League of Minnesota Cities and Association of Minnesota Counties.

Thomas S. Deans, Michelle D. Kenney, Knutson, Flynn & Deans, P.A., Mendota Heights, MN, for amicus curiae Minnesota School Boards Association.

Considered and decided by JOHNSON, Presiding Judge; RODENBERG, Judge; and CHUTICH, Judge.

## OPINION

JOHNSON, Judge.

While employed by the Columbia Heights School District, Christopher Lloyd Warnke engaged in sexual misconduct with a minor student. The student sued Warnke and the school district. The district court granted the school district's motion for summary judgment on two theories of relief but denied the motion with respect to the student's theory that the school district should be vicariously liable for Warnke's tortious conduct. The student's surviving claims against Warnke and the school district are pending in the district court.

After ruling on the school district's motion for summary judgment, the district court certified two questions to this court pursuant to rule 103.03(i) of the Minnesota Rules of Civil Appellate Procedure. The school district served and filed a notice of appeal to obtain answers to the certified questions. The student filed a notice of related appeal to obtain interlocutory appellate review of the district court's partial grant of the school district's motion for summary judgment with respect to two claims.

We conclude that the certified questions are not properly before this court because the school district and the district court did not comply with rule 103.03(i). We also conclude that the student's related appeal is not properly before this court because the school district's appeal is being dismissed and because the student seeks review of an otherwise non-appealable order. Therefore, we dismiss both the appeal and the related appeal.

## FACTS

In 2009, Warnke worked for the school district as a football coach and weight-room supervisor. In the fall of that year, Warnke engaged in sexual misconduct with a minor student who is identified in this case as Jane Doe 175. The misconduct included the exchange of sexually explicit text messages and one incident of hand-to-genital contact when Doe visited Warnke in the weight room. The school district learned of the misconduct in November 2009 and contacted law enforcement on the same day. The school district immediately placed Warnke on administrative leave and terminated his employment shortly thereafter. In February 2011, Warnke pleaded guilty to one count of fourth-degree criminal sexual conduct and two counts of solicitation of a child to engage in sexual conduct.

In October 2011, Doe commenced this civil action. She alleged a claim of sexual battery against Warnke and two negligence claims against the school district. She also alleged that the school district is vicariously liable for Warnke's tortious conduct.

In November 2012, the school district moved for summary judgment on the two negligence claims as well as Doe's allegation of vicarious liability. The school district argued that it should not be held liable for Warnke's misconduct because his

actions were not foreseeable. In February 2013, the district court granted the school district's motion with respect to the two negligence claims but denied the motion with respect to the allegation of vicarious liability. The district court reasoned that genuine issues of material fact exist as to whether Warnke's misconduct was foreseeable for purposes of vicarious liability.

On March 15, 2013, the school district filed a petition in this court seeking discretionary review of the district court's denial of its motion for summary judgment with respect to the allegation of vicarious liability. On the same day, the school district also filed a motion in the district court for certification of two questions to this court pursuant to rule 103.03(i) of the Minnesota Rules of Civil Appellate Procedure. In its memorandum of law in support of the motion for certification, the school district argued that it should not be vicariously liable for Warnke's tortious conduct because of the statutory immunity provided by section 466.02 of the Minnesota Statutes. The school district had not previously presented this statutory-immunity argument to the district court in its motion for summary judgment. In fact, the school district's argument for certification was inconsistent with its previous argument for summary judgment. In its memorandum of law in support of its motion for summary judgment, the school district did not challenge the applicability or viability of Doe's vicarious-liability theory but argued that the theory should fail because Warnke's misconduct was not foreseeable. In its memorandum of law in support of its motion for certification, however, the school district argued that the doctrine of vicarious liability is inapplicable because of statutory immunity. The school district did not present alternative arguments in either its summary-judgment motion or its certification motion.

On March 24, 2013, the district court granted the school district's motion for certification in an order that had been prepared by the school district and submitted to the district court as a proposed order. The district court certified the following two questions:

1. Whether the application of common law doctrines [sic] of vicarious liability is contrary to the statutory restrictions on school districts' liability for the torts of their employees?

2. Whether it is unfair to include the loss resulting from a non-licensed public employee's criminal misconduct among a school district's operational costs solely because a plaintiff's expert summarily concludes that such misconduct is a well-known hazard?

On May 1, 2013, the school district filed a notice of appeal to obtain answers to the two questions certified by the district court. On May 9, 2013, Doe filed a notice of related appeal to obtain interlocutory appellate review of the district court's partial grant of summary judgment to the school district with respect to her negligence claims.

Thereafter, this court ruled on the school district's petition for discretionary review. On May 17, 2013, we issued an order that conditionally denied the petition on the ground that discretionary review was unnecessary because the school district had filed a notice of appeal. But the order reserved the court's authority to entertain the petition if the court were to not answer the certified questions.

The school district and Doe proceeded to brief the merits of the certified questions and the issue raised by Doe's related appeal. Warnke did not file a brief. In her responsive brief, Doe argued, in part, that the school district did not preserve its appellate argument in its motion for summary judgment and that the district court

did not address the merits of the certified questions in its summary-judgment order. Both parties presented oral arguments concerning procedural and substantive issues. For the reasons stated below, we do not reach the merits of the parties' claims and defenses because we dismiss both appeals.

## ISSUES

1. May the school district obtain answers to questions certified by the district court pursuant to rule 103.03(i) of the Minnesota Rules of Civil Appellate Procedure if the district court did not consider and resolve the issues raised by the certified questions in its order denying the school district's motion for summary judgment?

2. In light of our dismissal of the school district's certified-question appeal, may Doe obtain interlocutory appellate review of the district court's partial grant of summary judgment to the school district?

## ANALYSIS

### I.

Doe argues in part that the certified questions raised by the school district's appeal are not properly before this court because they contain issues that are being raised for the first time on appeal. We address this argument before considering the merits of the school district's appeal to ensure that the certified questions are properly before this court. *See Hoffman v. Northern States Power Co.,* 743 N.W.2d 751, 754 (Minn.App.2008) (stating that court of appeals "must determine whether there is proper jurisdiction" by ensuring compliance with certified-question procedure), *aff'd in part, rev'd in part, and remanded on other grounds,* 764 N.W.2d 34 (Minn.2009); *Morton v. Dyste,* 616 N.W.2d 294, 296 (Minn.App.2000) (dismiss-ing appeal for failure to comply with certified-question procedure).

### A.

The school district's certified-question appeal is based on the following rule:

An appeal may be taken to the Court of Appeals:

. . . .

(i) if the trial court certifies that the question presented is important and doubtful, from an order which denies a motion to dismiss for failure to state a claim upon which relief can be granted or from an order which denies a motion for summary judgment.

Minn. R. Civ.App. P. 103.03(i). Doe does not dispute that the district court denied the school district's motion for summary judgment, which is one of the prerequisites of an appeal brought pursuant to rule 103.03(i). Doe also does not dispute that the district court certified two questions to this court, which is another of the prerequisites of an appeal brought pursuant to rule 103.03(i). The issue raised by Doe's responsive argument is whether the school district may obtain answers to certified questions if the certified questions were not actually "presented" to the district court in the underlying summary-judgment motion.

Our interpretation of rule 103.03(i) is informed in significant part by the well-established caselaw concerning the preservation of issues in district-court proceedings, before a case reaches an appellate court. It is an elementary principle of appellate procedure that a party may not raise an issue or argument for the first time on appeal and thereby seek appellate relief on an issue that was not litigated in the district court. *See, e.g., Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988). Furthermore, an appellant may not "obtain review by raising the same general

issue litigated below but under a different theory." *Id.* (citing *Pomush v. McGroarty*, 285 N.W.2d 91, 93 (Minn.1979)); *see also Jacobson v. $55,900 in U.S. Currency*, 728 N.W.2d 510, 522–23 (Minn.2007) (stating that appellants may "refine" arguments previously made to district court). As a consequence, this court may consider "only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." *Thayer v. American Fin. Advisers, Inc.*, 322 N.W.2d 599, 604 (Minn.1982). These principles have been part of Minnesota caselaw for almost a century:

> [T]he theory of the judicial system in this state is that the parties shall have first a decision of the court below, and then a review of that decision in this court. The very nature of its jurisdiction confines this court to a consideration of such questions as, originating in another court, have been there actually or presumably considered and determined in the first instance. The rule applies whether the question is one of fact or of law.

*In re Judicial Ditch No. 1*, 140 Minn. 1, 3–4, 167 N.W. 124, 125 (1918) (citation omitted). The modern caselaw makes it abundantly clear that, as a general rule, if an appellant fails to preserve an argument or issue in district court proceedings, the issue or argument is forfeited and may not be asserted in an appellate court.[1]

In light of this well-established caselaw requiring the preservation of all issues and arguments raised on appeal, it is unlikely that the supreme court intended to permit an appellant to evade the preservation requirement in an appeal taken pursuant to rule 103.03(i). In fact, the supreme court caselaw demonstrates that the preservation requirement applies equally to appeals

---

1. *See, e.g., Dykes v. Sukup Mfg. Co.*, 781 N.W.2d 578, 584 n. 2 (Minn.2010); *In re Welfare of D.D.G.*, 558 N.W.2d 481, 485 (Minn.1997); *Higher Educ. Assistance Found. v. Singh*, 428 N.W.2d 384, 385 n. 1 (Minn. 1988); *Farm Bureau Mut. Ins. Co. v. Milbank Mut. Ins. Co.*, 284 N.W.2d 180, 184 n. 7 (Minn.1979); *Johnson v. Johnson*, 284 Minn. 181, 182 n. 1, 169 N.W.2d 595, 596 n. 1 (1969); *Annis v. Annis*, 250 Minn. 256, 262–63, 84 N.W.2d 256, 261 (1957); *Pierce v. Grand Army of the Republic*, 220 Minn. 552, 554–55, 20 N.W.2d 489, 491 (1945); *Barnard–Curtiss Co. v. Minneapolis Dredging Co.*, 200 Minn. 327, 331, 274 N.W. 229, 231–32 (1937); *Greer v. Professional Fiduciary, Inc.*, 792 N.W.2d 120, 132 (Minn.App.2011), *aff'd*, 792 N.W.2d 120 (Minn.App.2011); *In re Estate of Handy*, 672 N.W.2d 214, 219 (Minn. App.2003), *review denied* (Minn. Feb. 17, 2004); *Ford Motor Credit Co. v. Russell*, 519 N.W.2d 460, 463 (Minn.App.1994), *review denied* (Minn. Sept. 28 1994); *Morris v. Perpich*, 421 N.W.2d 333, 338–39 (Minn.App.1988), *review denied* (Minn. May 16, 1988); *Dahle v. Red Lake Watershed Dist.*, 354 N.W.2d 604, 606 (Minn.App.1984).

Minnesota's caselaw concerning the preservation of appellate arguments is consistent with the federal caselaw. The United States Supreme Court has explained that "litigation is a 'winnowing process,' and the procedures for preserving or waiving issues are part of the machinery by which courts narrow what remains to be decided." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487 n. 6, 128 S.Ct. 2605, 2618 n. 6, 171 L.Ed.2d 570 (2008) (quotation omitted). The Supreme Court also has explained that the preservation requirement prevents litigants from suffering unfair surprise at the appellate level if they had no opportunity to address the issue in the district court. *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). The preservation requirement avoids "frequent[] remand[s] for additional evidence gathering and findings," serves the "need for finality in litigation and conservation of judicial resources," and prevents appellate courts from frequently "hold[ing] everything accomplished below for naught." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993) (quotations omitted). "A contrary rule could encourage a party to 'sandbag' at the district court level, only then to play his 'ace in the hole' before the appellate court." *von Kerssenbrock–Praschma v. Saunders*, 121 F.3d 373, 376 (8th Cir.1997) (quotation omitted).

raising certified questions. The supreme court has stated, "The certification process is not a substitute for the normal appellate process nor a method for securing advisory opinions." *Jacka v. Coca–Cola Bottling Co.*, 580 N.W.2d 27, 30 (Minn.1998). More specifically, a certified question "should not be presented until the record is developed to the point where the question is relevant and presents a substantive issue" and "must be brought to this court after having been decided by the lower court." *F. & H. Inv. Co. v. Sackman–Gilliland Corp.*, 305 Minn. 155, 158, 232 N.W.2d 769, 772 (1975) (quotation omitted). In addition, this court has stated, "We cannot answer a certified question which is not first decided and explained by the trial court." *Gruening v. Pinotti*, 364 N.W.2d 907, 909 (Minn.App.1985); *see also State v. Braun*, 354 N.W.2d 886, 887 (Minn.App. 1984) (stating that court of appeals "will neither accept nor answer certified questions which have not first been ruled on by the trial court").

The applicability of the preservation requirement in certified-question appeals also is evident in the language of the applicable rule, which authorizes an appeal "from an order which denies a motion for summary judgment" so long as "the trial court certifies that the question presented is important and doubtful." Minn. R. Civ. App. P. 103.03(i). We interpret the phrase "question presented" to refer to a question that was presented both in a motion filed in the district court and in a subsequent appeal. That interpretation is consistent with this court's caselaw concerning the analogous rule for criminal appeals, which provides that "the purpose of the rule is to obtain an answer from an appellate court on a question of law that is embedded within a matter pending in the district court." *State v. Knoch*, 781 N.W.2d 170, 176 (Minn.App.2010), *review denied* (Minn. June 29, 2010).

■ Thus, we conclude that an appellant may not obtain answers to certified questions in an appeal under rule 103.03(i) unless the issues raised by the certified questions were presented to the district court in the motion to dismiss or motion for summary judgment that was denied by the district court.

■ In this case, the school district did not present the issues raised by the two certified questions to the district court in its motion for summary judgment. In fact, the school district presented an argument to the district court in its summary-judgment motion that is completely different from, even *inconsistent with*, the first certified question.[2] The district court has

2. If we were to accept review of this certified-question appeal, we would need to consider whether both questions were properly framed by the district court. It is unclear whether the second certified question relates to the theory the school district presented to the district court or the theory that it presented to this court. If the second certified question relates to the school district's summary-judgment argument and the district court's application of the vicarious-liability foreseeability test, the answer to the question is not doubtful because there is not a "substantial ground for a difference of opinion" on that issue. *See Fedziuk v. Commissioner of Pub. Safety*, 696 N.W.2d 340, 344 (Minn.2005). If the second certified question relates to the school district's appellate argument, the question does not comply with rule 103.03(i) for the same reasons as the first certified question: it was not raised in the school district's summary judgment motion. In either event, the second certified question is not phrased in terms of a "precise legal question," *Duxor Inv. Aktiengesellschaft v. Investment Rarities Inc.*, 413 N.W.2d 502, 504 (Minn.1987), and is not likely to lead to an answer that would be "helpful to the disposition of the litigation," *see Professional Fiduciary, Inc. v. Silverman*, 713 N.W.2d 67, 70–71 (Minn.App.2006), *review denied* (Minn. July 19, 2006); *see also Knoch*, 781 N.W.2d at 175. For purposes of this opinion, we assume that the second certified

not issued an order that discusses the issues reflected in the certified questions. If this court were to answer the certified questions, it is unclear how the district court would implement our answers. It appears that the answers would be relevant only if the school district were to bring another motion for summary judgment based on statutory immunity. Thus, the school district essentially is seeking an advisory opinion from this court on an issue that the district court has yet to consider and resolve.

The school district contends that it adequately presented the certified questions to the district court because the certified questions were the subject of its motion for certification. It is only natural that the school district's motion for certification would refer to the certified questions. But the motion for certification did not ask the district court to resolve those questions on the merits. The only request for relief in the motion for certification was an order certifying the questions. The school district could have sought a ruling on the merits by moving for reconsideration of the partial denial of its motion for summary judgment, but it did not do so. *See* Minn. R. Gen. Prac. 115.11. Thus, the school district's motion for certification does not comply with the requirement in rule 103.03(i) that an appellant must have presented the certified questions to the district court in its motion to dismiss or for summary judgment.

## B.

In reply to Doe's responsive argument that the school district's appeal does not comply with rule 103.03(i), the school district argues, in the alternative, that this court should consider and answer the cer-

tified questions in the interest of justice. The school district's argument implicates a rule of civil appellate procedure that provides:

**Scope of Review**

The appellate courts may reverse, affirm or modify the judgment or order appealed from or take any other action as the interest of justice may require.

On appeal from or review of an order the appellate courts may review any order affecting the order from which the appeal is taken and on appeal from a judgment may review any order involving the merits or affecting the judgment. *They may review any other matter as the interest of justice may require.* The scope of review afforded may be affected by whether proper steps have been taken to preserve issues for review on appeal, including the existence of timely and proper post-trial motions.

Minn. R. Civ.App. P. 103.04 (emphasis added).

The school district's argument is based on the second sentence of the second paragraph of rule 103.04, which is an exception to the general rule that an appellant must have preserved appellate arguments in the district court. *See Schober v. Commissioner of Revenue*, 778 N.W.2d 289, 294 (Minn.2010); *Oanes v. Allstate Ins. Co.*, 617 N.W.2d 401, 403 (2000); *Watson v. United Servs. Auto. Ass'n*, 566 N.W.2d 683, 687 (1997). The supreme court typically discusses the interest-of-justice provision of rule 103.04 in conjunction with an exception that applies if " 'the question raised for the first time on appeal is plainly decisive of the entire controversy on its merits' " and " 'there is no possible advantage or disadvantage to either party in not

question would be either merged into the first certified question, significantly reframed, or

simply stricken.

having had a prior ruling on the question by the trial court.'" *Schober*, 778 N.W.2d at 294 (quoting *Zip Sort, Inc. v. Commissioner of Revenue*, 567 N.W.2d 34, 39 n. 9 (Minn.1997)).

In this case, we need not analyze whether the sought-after exception is warranted because the interest-of-justice provision of rule 103.04 is inapplicable. The relevant part of the rule states that an appellate court "may review any *other* matter as the interest of justice may require." Minn. Civ. R.App. P. 103.04 (emphasis added). The language of the rule indicates that there must be a matter already raised by an appeal and properly before the appellate court before the appellate court may consider *another* matter in the interest of justice. The language of the interest-of-justice provision of rule 103.04 is consistent with the rule's caption, which refers to the "scope" of appellate review. In other words, if appellate review already is established, the interest-of-justice provision of rule 103.04 may expand the scope of appellate review to additional issues. *See Illinois Farmers Ins. Co. v. Reed*, 647 N.W.2d 553, 565 (Minn.App. 2002). But the interest-of-justice provision of rule 103.04 may not operate to establish appellate review if it is not already established.

The history of the interest-of-justice provision of rule 103.04 confirms this interpretation. The language of rule 103.04 first appeared in the form of a statute after the legislature amended chapter 605 of the Minnesota Statutes, the Civil Appellate Code, in 1963, to permit the supreme court to hear "any other matter as the interests of justice may require." 1963 Minn. Laws ch. 806, § 5, at 1415–16 (codified at Minn.Stat. § 605.05 (1965)). Four years later, the supreme court explained that the amended statute provides "that once a case has been properly brought before us on appeal we may, in our discretion, 'review any other matter as the interests of justice may require.'" *McCormack v. Hankscraft Co.*, 278 Minn. 322, 343, 154 N.W.2d 488, 503 (1967) (quoting Minn.Stat. § 605.05). Two years after *McCormack*, the supreme court promulgated the Minnesota Rules of Civil Appellate Procedure. *Order Prescribing and Promulgating New Rules of Civil Appellate Procedure in the Supreme Court* (Minn. Dec. 7, 1967) (order). In promulgating rule 103.04, the supreme court borrowed the language of section 605.05. The portion of rule 103.04 at issue in this appeal (the second sentence of the second paragraph) is essentially the same today as it was in 1965, when it took the form of a statute, and the same as it was in 1967, when the supreme court promulgated rule 103.04. *Compare* Minn. R. Civ.App. P. 103.04 (2012), *with* Minn.Stat. § 605.05 (1965), *and* Minn. R. Civ.App. P. 103.04 (1967). Since the adoption of the rules of civil appellate procedure, the supreme court consistently has applied the interest-of-justice exception of rule 103.04 only in appeals in which one or more issues already are properly before that court.[3]

---

3. *See, e.g., Midwest Family Mut. Ins. Co. v. Wolters*, 831 N.W.2d 628, 634 (Minn.2013); *Moorhead Econ. Dev. Auth. v. Anda*, 789 N.W.2d 860, 875 (Minn.2010); *Woodhall v. State*, 738 N.W.2d 357, 363 n. 6 (Minn.2007); *Weston v. McWilliams & Assoc., Inc.*, 716 N.W.2d 634, 641 (Minn.2006); *Putz v. Putz*, 645 N.W.2d 343, 350 (Minn.2002); *Oanes*, 617 N.W.2d at 403, 407 n. 4; *State ex rel. Morrow v. LaFleur*, 590 N.W.2d 787, 791 n. 7 (Minn.1999); *Watson*, 566 N.W.2d at 688; *Watlow Winona, Inc. v. Commissioner of Revenue*, 495 N.W.2d 427, 433 (Minn.1993); *Cohen v. Cowles Media Co.*, 479 N.W.2d 387, 390 *remanded on reh'g*, 481 N.W.2d 840 (Minn. 1992); *Harms v. Independent Sch. Dist. No. 300, LaCrescent*, 450 N.W.2d 571, 577–78 (Minn.1990); *Imlay v. City of Lake Crystal*, 453 N.W.2d 326, 331 (Minn.1990); *Wojahn v. Johnson*, 297 N.W.2d 298, 307 (Minn.1980);

In this case, the school district's appeal has only one purpose: to obtain answers to certified questions. We have determined that the school district's certified-question appeal does not satisfy the requirements of rule 103.03(i) and, thus, is not properly before the court. *See supra* part I.A. Because there are no issues properly before the court, the interest-of-justice exception of rule 103.04 is inapplicable. Thus, we may not consider the certified questions in the interest of justice.

### C.

■ As noted above, this court tentatively resolved the school district's petition for discretionary review by conditionally denying the petition but reserving the authority to revisit the issue if the court were to not answer the certified questions. We now reconsider whether this court should exercise its discretion to review the district court's partial denial of the school district's motion for summary judgment.

■ The rule authorizing this court to engage in discretionary review of district court orders provides, "Upon the petition of a party, in the interests of justice the Court of Appeals may allow an appeal from an order not otherwise appealable pursuant to Rule 103.03 except an order made during trial...." Minn. R. Civ.App. P. 105.01. The decision whether to grant or deny discretionary review hinges on the application of a multi-factor test. In *Gordon v. Microsoft Corp.*, 645 N.W.2d 393 (Minn.2002), a defendant in a class action sought discretionary review of a district court order granting a motion for class certification. *Id.* at 396–97. This court denied the petition for discretionary review. *Id.* at 396. The supreme court affirmed and articulated certain factors that are relevant to the decision whether to

grant discretionary review in such a case: whether the district court ruling is nearly dispositive because it sounds the "death knell" for plaintiff's case or "places inordinate pressure on the defendant to settle," and whether the district court ruling involves an "important legal issue that is also important to the particular litigation." *Id.* at 401–02. The supreme court later clarified that the *Gordon* factors should be strictly applied only in the context of a class-certification ruling. *Valspar Refinish, Inc. v. Gaylord's, Inc.*, No. A05–1640, at 2 (Minn. Nov. 22, 2005) (order). The supreme court stated that, in other contexts, this court should consider the *Gordon* factors to the extent that they are appropriate and, in addition, should consider "such [other] factors as it finds appropriate to the issues to be reviewed, the procedural posture of the case, and other circumstances presented" by the petition. *Id.*

■ In this case, the school district's petition for discretionary review is flawed for the same reason that its certified-question appeal is flawed. The school district seeks discretionary review of the same issues that are presented by its certified-question appeal. But the school district never presented those issues to the district court for a resolution on the merits, and the district court never resolved them on the merits. Nothing in rule 105.01 or in the caselaw indicates that a petition for discretionary review may be a means of circumventing the general rule that an appellant may not raise issues or arguments for the first time on appeal. Thus, for essentially the same reasons as are stated above, we reaffirm our earlier denial of the school district's petition for discretionary

*Thill v. Modern Erecting Co.*, 284 Minn. 508, 515 n. 11, 170 N.W.2d 865, 870 n. 11 (1969);

*McCormack*, 278 Minn. at 343, 154 N.W.2d at 503.

review.[4]

Therefore, the school district's certified-question appeal must be dismissed.

## II.

■ In light of our dismissal of the school district's appeal, we must consider whether Doe's related appeal is properly before the court.

The rule authorizing related appeals provides, "After an appeal has been filed, respondent may obtain review of a judgment or order entered in the same underlying action that may adversely affect respondent by filing a notice of related appeal in accordance with Rule 103.02, subdivision 2, and Rule 104.01, subdivision 4." Minn. R. Civ.App. P. 106. The comments of the rules advisory committee indicate that a respondent may utilize a notice of related appeal to obtain immediate appellate review of an otherwise non-appealable order. *See* Minn. R. Civ.App. P. 106, 2009 advisory committee cmt. ¶ 3 (citing *Kostelnik v. Kostelnik*, 367 N.W.2d 665, 668–69 (Minn.App.1985), *review denied* (Minn. July 26, 1985)). The district court's order granting in part and denying in part the school district's motion for

summary judgment is a non-appealable order. *See Financial Relations Bd., Inc. v. Pawnee Corp.*, 308 Minn. 109, 109–12, 240 N.W.2d 565, 565–67 (1976).

Although a respondent may obtain immediate appellate review of an otherwise non-appealable order in a related appeal, our dismissal of the school district's underlying appeal raises the question whether a respondent may continue to pursue a related appeal if the underlying appeal has been dismissed. The term "related appeal" indicates that the second appeal is dependent on the existence of a pre-existing appeal. In addition, the purpose of a related appeal is to allow a matter "to be heard in its entirety" in a single appeal if "the appellate court will be hearing [it] anyway." *Kostelnik*, 367 N.W.2d at 669. But if an underlying appeal has been dismissed, so that this court would not otherwise be hearing the matter, this purpose no longer can be served. If Doe's related appeal had an independent justification for immediate appellate review, this court might retain jurisdiction over it and resolve it on the merits, but Doe seeks immediate appellate review of an otherwise non-appealable order.[5] Thus, we conclude

---

4. We note that if the school district had preserved its argument concerning statutory immunity, a petition for discretionary review would have been unnecessary. Under the collateral-order doctrine, a defendant may obtain interlocutory appellate review of an order denying a motion to dismiss or for summary judgment if the motion is based on an assertion of immunity. *Kastner v. Star Trails Ass'n*, 646 N.W.2d 235, 240 (Minn.2002); *Anderson v. City of Hopkins*, 393 N.W.2d 363, 363–64 (Minn.1986).

5. If Doe's related appeal had an independent basis for immediate appellate review, we would question whether the related appeal was timely filed. A notice of appeal must be served and filed within 60 days of a final judgment or appealable order. Minn. R. Civ. App. P. 104.01, subd. 1. A notice of related appeal must be served and filed within 14

days of the filing of a notice of appeal. *Id.*, subd. 4. There is no caselaw in Minnesota concerning whether a respondent may maintain a related appeal that was filed after the period for a notice of appeal if the underlying appeal has been dismissed. The federal caselaw is mixed. *Compare First Nat'l Bank v. Comptroller of Currency*, 956 F.2d 1360, 1363–64 (7th Cir.1992) (stating that respondent may not maintain cross-appeal after dismissal of appeal if cross-appeal not filed within time for appeal), *with Marlow v. Rollins Cotton Co. (In re Julien Co.)*, 146 F.3d 420, 423 (6th Cir.1998) (holding that respondent may maintain cross-appeal after dismissal of appeal even though cross-appeal not filed within time for appeal). But we need not consider and resolve that question in this case because we have concluded that Doe's related appeal must be dismissed for other reasons.

that, because the school district's appeal is being dismissed for non-compliance with rule 103.03(i), and because Doe's related appeal seeks immediate appellate review of an otherwise non-appealable order, Doe may not continue to pursue her related appeal. Thus, Doe's related appeal must be dismissed.

## DECISION

The school district may not obtain answers to questions certified by the district court pursuant to rule 103.03(i) of the Minnesota Rules of Civil Appellate Procedure because the district court did not consider the certified questions in its order denying the school district's motion for summary judgment. In addition, this court does not have authority to consider and resolve the certified questions in the interest of justice pursuant to rule 103.04 of the Minnesota Rules of Civil Appellate Procedure. Furthermore, the court declines to exercise its authority to grant discretionary review pursuant to rule 105.01 of the Minnesota Rules of Civil Appellate Procedure.

Doe may not obtain immediate appellate review of the district court's partial grant of summary judgment to the school district because the school district's underlying appeal is being dismissed and because Doe's related appeal seeks review of an otherwise non-appealable order.

**Appeal dismissed.**