*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0272**

Jay Nygard, et al.,
Appellants,

vs.

Patrick Walsh, et al.,
Respondents.

**Filed November 9, 2015
Affirmed
Schellhas, Judge**

Hennepin County District Court
File No. 27-CV-12-19546

Erick G. Kaardal, Mohrman, Kaardal & Erickson, P.A., Minneapolis, Minnesota (for appellants)

Louise A. Behrendt, Garth J. Unke, Stich, Angell, Kreidler, Unke & Scattergood, P.A., Minneapolis, Minnesota (for respondents)

Considered and decided by Schellhas, Presiding Judge; Ross, Judge; and Stoneburner, Judge.[*]

**U N P U B L I S H E D   O P I N I O N**

**SCHELLHAS**, Judge

Appellants challenge district court orders compelling arbitration and confirming the arbitration award. We affirm.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

# FACTS

The facts are undisputed. Appellants Jay Nygard and Kendall Nygard sued respondents Patrick Walsh and Nancy Walsh for trespass, among other things. On March 5, 2012, in connection with court-affiliated mediation, the parties executed a mediated settlement agreement through which they agreed to a dismissal of the action.[1] Pertinent to this appeal, the settlement agreement contains the following provisions:

> 1. Neither party will intentionally trespass on other part[y']s property.
>
> 2. Walsh[es] to move mailbox by June 1 and fence— per Nygards' survey to conform with boundary of City of Orono.
>
> . . . .
>
> 6. [Mediator] to arbitrate any dispute interpreting this agreement.
>
> The Mediator will notify the Court of the fact that this case has been settled.
>
> This is a binding and enforceable agreement and contract. Pursuant to Minnesota Statutes Section 572.35, the parties are hereby advised that (a) the mediator has no duty to protect their interests or provide them with information about their legal rights; (b) signing a settlement agreement may adversely affect their legal rights; and (c) they should consult with an attorney before signing a mediated settlement agreement if they are uncertain of their rights.

On June 2, 2012, Nygards wrote to the mediator, alleging that Walshes had violated several terms of the settlement agreement, including the fence-and-mailbox and trespass terms, and requesting enforcement of the agreement. After visiting the parties'

---

[1] The record does not indicate who drafted the settlement agreement.

properties and meeting with the parties, the mediator sent the parties his "rulings" in a letter. The mediator "suggest[ed] that the parties retain a new neutral surveyor to determine the property line and abide by the decision" and determined that Nygards were not entitled to damages for Walshes' alleged trespass.

On August 10, 2012, Nygards commenced the present action, seeking enforcement of the settlement agreement and damages. Walshes moved to dismiss the action and to compel arbitration. Nygards opposed the motion by arguing that the settlement agreement did not require arbitration and, alternatively, that the scope of the arbitration provision in the settlement agreement was limited to "disputes interpreting [the settlement agreement]." The district court dismissed Nygards' action without prejudice and ordered the parties to arbitrate their disputes, concluding that the settlement agreement required the parties to arbitrate for the following reasons:

> First, the Arbitration Provision must be construed to require arbitration because (1) the use of the phrase "to arbitrate" implies that arbitration is mandatory and (2) the Arbitration Provision does not use the word "may" or any other language implying that arbitration is optional or permissive. Second, even if arbitration is permissive rather than mandatory, . . . Nygards elected arbitration by submitting their request for relief to [the mediator].

In addition, the court determined that the agreement to arbitrate extended to disputes over enforcement of the settlement agreement because "an agreement to arbitrate 'any dispute interpreting' the Settlement Agreement naturally entails an agreement to arbitrate any dispute over enforcement of the Settlement Agreement." The court resolved any ambiguity in the scope of the arbitration provision in favor of arbitration, relying on state

and federal policies favoring arbitration, Nygards' conduct in initially asking the mediator to enforce the settlement agreement, and the authority of the mediator (as arbitrator) to decide questions of arbitrability.

Nygards appealed from the order dismissing their action and compelling arbitration, and this court dismissed the appeal as taken from a nonappealable order. *Nygard v. Walsh*, No. A13-0632 (Minn. App. May 7, 2013) (order). The parties thereafter participated in an arbitration hearing before the mediator (hereafter referred to as arbitrator), who issued a written ruling that Nygards failed to meet their burden of proof regarding their trespass and other allegations. Nygards then moved the district court to vacate the arbitration award under Minn. Stat. § 572B.23(a)(2)(A) (2014), due to the "evident partiality" of the arbitrator. In opposition, Walshes sought confirmation of the award under Minn. Stat. § 572B.23(d) (2014). The district court denied Nygards' motion to vacate, confirmed the arbitration award, and entered judgment for Walshes.

This appeal follows.

### D E C I S I O N

Nygards solely argue on appeal that, because the settlement agreement arose out of court-affiliated mediation and does not provide for binding arbitration, it is governed by Minn. R. Gen. Prac. 114.02. That rule provides:

> If the parties stipulate in writing that the arbitration will be binding, then the proceeding will be conducted pursuant to the [Minnesota] Uniform Arbitration Act . . . . If the parties do not stipulate that the arbitration will be binding, then the

4

> award is non-binding and will be conducted pursuant to Rule 114.09.

Minn. R. Gen. Prac. 114.02(a)(1).

Nygards argue that, because the settlement agreement lacks an express stipulation to submit to binding arbitration, the arbitration was non-binding and this court therefore must reverse the district court's order confirming the arbitration award. We disagree.

"A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (quotation omitted). In addition, a party may not "obtain review by raising the same general issue litigated below but under a different theory." *Id.* "The modern caselaw makes it abundantly clear that, as a general rule, if an appellant fails to preserve an argument or issue in district court proceedings, the issue or argument is forfeited and may not be asserted in an appellate court." *Doe ex rel. Doe v. Columbia Heights Sch. Dist.*, 842 N.W.2d 38, 43 & n.1 (Minn. App. 2014) (collecting cases).

The record reflects that Nygards did not raise their rule-114 argument concerning binding arbitration before the district court. Nygards' complaint, amended complaint, and answer to Walshes' counterclaim do not assert that the settlement agreement was governed by rule 114 and required only non-binding arbitration. Moreover, in their response to Walshes' motion to dismiss and compel arbitration, Nygards did not mention rule 114. Nygards instead argued that the arbitration provision in the settlement agreement included no mandatory language and therefore no agreement requiring

arbitration existed; alternatively, they argued that the scope of the arbitration provision was limited to disputes over interpretation and did not include enforcement of the settlement agreement. And in their motion to vacate the arbitration award, Nygards did not argue that rule 114 required an express stipulation to submit to binding arbitration. Rather, Nygards argued that the district court should vacate the award because of the arbitrator's evident partiality. The district court rejected all of Nygards' arguments, which Nygards have not raised on appeal.

Nygards failed to raise before the district court the argument that an arbitration provision of a mediated settlement agreement under rule 114 requires an express stipulation to submit to binding arbitration. Their argument therefore is forfeited on appeal.

**Affirmed.**