*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0577**

Gwender Lagrone Taylor,
Respondent,

vs.

Ian W. Taylor, Sr.,
Appellant.

**Filed October 17, 2016
Affirmed
Johnson, Judge**

Washington County District Court
File No. 82-F9-05-004289

Gwender Lagrone Taylor, Woodbury, Minnesota (pro se respondent)

Ian W. Taylor, Sr., Miami, Florida (pro se appellant)

Considered and decided by Reilly, Presiding Judge; Halbrooks, Judge; and Johnson, Judge.

# UNPUBLISHED OPINION

**JOHNSON**, Judge

Ian W. Taylor, Sr., appeals from an order that increases the amount of the monthly payment that he is required to make to Gwender Lagrone Taylor to pay off the arrears on his child-support obligation. We affirm.

## FACTS

In 2002, a Tennessee court ordered Mr. Taylor to pay child support to Ms. Taylor. Mr. Taylor did not keep current on his child-support obligations. In 2013, a Louisiana court determined that Mr. Taylor owed Ms. Taylor $49,735.66 and ordered Mr. Taylor to pay down the arrears at a rate of $100 per month.

In September 2015, Ms. Taylor, who then was residing in Minnesota, filed a motion in the Washington County District Court for an order increasing the amount of Mr. Taylor's monthly arrears payment. In response, Mr. Taylor filed a motion to dismiss Ms. Taylor's motion on the ground that Minnesota lacks jurisdiction over the issue and that jurisdiction is proper only in Louisiana. The district court scheduled a hearing on the motions for December 11, 2015. Mr. Taylor, who then resided in Florida, requested permission to participate in the hearing via telephone, and the district court granted him such permission.

At the time of the December 11, 2015 hearing, the district court called the telephone number on file for Mr. Taylor, but the number had been disconnected. The district court then called an alternative telephone number for Mr. Taylor, but there was no answer. The district court judge left a voice-mail message for Mr. Taylor. The district court proceeded with the hearing without Mr. Taylor's participation. Later the same day, the district court issued an order in which it granted Ms. Taylor's motion and increased the amount of Mr. Taylor's monthly arrears payment from $100 to $250.

Five days later, Mr. Taylor moved for a new trial or new hearing. Mr. Taylor argued, among other things, that his constitutional right to due process was violated when the December 11, 2015 hearing was held without his participation. In February 2016, the

district court denied Mr. Taylor's motion for a new trial or new hearing. The district court stated in its order that it had "diligently tried to contact and accommodate Respondent at the December 11, 2015 hearing."

Shortly thereafter, Mr. Taylor moved to vacate the December 11, 2015 order. On March 11, 2016, the district court held a hearing on the motion to vacate, at which Mr. Taylor appeared by telephone. Mr. Taylor explained to the district court that, on December 11, 2015, he returned the judge's telephone call and spoke to a member of the district court's staff and was then available to participate in the hearing. The district court stated for the record that, by the time Mr. Taylor called back, the parties' motions had already been heard and Ms. Taylor no longer was present in the courtroom. The district court promptly issued an order in which it denied Mr. Taylor's motion to vacate the December 11, 2015 order.

Mr. Taylor filed a notice of appeal. This court issued an order clarifying that the appeal is from the December 11, 2015 order but that the court retains discretion to review the orders issued in February 2016 and March 2016.

## D E C I S I O N

Mr. Taylor raises four issues on appeal. First, he argues that the district court lacks personal jurisdiction over him. Ms. Taylor argues in response that Mr. Taylor consented to the district court's jurisdiction by filing a motion for a change of custody in 2012, when he resided in Louisiana. Ms. Taylor is correct that Mr. Taylor previously asked the district court to order a change in custody. A party waives the defense of lack of personal jurisdiction if the party "has affirmatively invoked the jurisdiction of the court to rule in its

3

favor." *Patterson v. Wu Family Corp.*, 608 N.W.2d 863, 867 (Minn. 2000). Thus, Mr. Taylor waived the argument that the district court lacked personal jurisdiction over him.

Second, Mr. Taylor argues that the district court erred by increasing the amount of his monthly arrears payment on the ground that the 2013 Louisiana order had not been registered in Minnesota. *See* Minn. Stat. § 518C.609 (2014). Mr. Taylor did not present this argument to the district court before the district court issued its December 11, 2015 order. As a general rule, "this court may consider 'only those issues that the record shows were presented and considered by the trial court in deciding the matter before it.'" *Doe 175 v. Columbia Heights School Dist.*, 842 N.W.2d 38, 43 (Minn. App. 2014) (quoting *Thayer v. Financial Advisers, Inc.*, 322 N.W.2d 599, 604 (Minn. 1982)). Mr. Taylor raised the issue of registration for the first time in his motion for a new trial and raised the issue again during the March 11, 2016 hearing. But "an issue first raised in a post-trial motion is not raised in a timely fashion." *Grigsby v. Grigsby*, 648 N.W.2d 716, 726 (Minn. App. 2002), *review denied* (Minn. Oct. 15, 2002). Because Mr. Taylor did not raise this issue in his written submission to the district court before the December 11, 2015 hearing and did not otherwise present it to the district court before the district court ruled on Ms. Taylor's motion, Ms. Taylor did not have an opportunity to develop a factual record on the issue. Thus, the issue has not been properly preserved for appellate review.

Third, Mr. Taylor argues that Ms. Taylor should not have been allowed to represent herself in the district court on the ground that she had received services from the county's child-support enforcement program. Again, Mr. Taylor did not present this argument to

4

the district court before its ruling on Ms. Taylor's motion. Thus, the issue has not been preserved for appellate review. *See Doe 175*, 842 N.W.2d at 43. We also note that Mr. Taylor's argument is not supported by any citations to legal authority.

Fourth, Mr. Taylor argues that the district court erred by conducting the December 11, 2015 hearing and ruling on Ms. Taylor's motion without his participation. He contends that, in doing so, the district court violated his right to due process. Mr. Taylor arguably preserved this issue by presenting it to the district court at the earliest opportunity in his post-hearing motions, and the district court specifically mentioned the issue in its February 2016 order.

We perform a two-step analysis to determine whether an individual's right to procedural due process has been violated. *Sawh v. City of Lino Lakes*, 823 N.W.2d 627, 632 (Minn. 2012). At the first step, we ask "whether the government has deprived the individual of a protected life, liberty, or property interest." *Id.* If not, no particular process is guaranteed by the constitution. *Id.* If so, a constitutionally sufficient process is required. *Id.* at 633. In that event, "the basic requisites of due process [are] notice and the opportunity to be heard." *Id.* at 635 (internal quotation omitted).

At the first step of the two-step analysis, we question whether Mr. Taylor can establish that an increase in the amount of his monthly arrears payment deprived him of a property interest. The amount of his debt to Ms. Taylor is unchanged; the district court's order merely changed the rate at which Mr. Taylor is obligated to pay off the debt. Even if the first question is answered in Mr. Taylor's favor, he cannot prevail at the second step because he cannot establish that he was deprived of the process that is due under the

constitution. He received notice of the December 11, 2015 hearing and had an opportunity to be heard. *See id.* As a general rule, a *pro se* party to a civil action is expected to appear in person at a motion hearing, but a district court may allow a party to appear by telephone. *See* Minn. R. Gen. Prac. 115.09. In that event, the party must be diligent in ensuring that a telephone connection is made and that he or she is available at the time of the hearing. In this case, it appears that Mr. Taylor did not keep the district court apprised of his current telephone number. Furthermore, he did not answer the district court's call to an alternative telephone number. In such a circumstance, a district court has broad discretion to either continue the hearing or proceed with the hearing in the absence of the party who has failed to appear. *See Szarzynski v. Szarzynski*, 732 N.W.2d 285, 296 (Minn. App. 2007) (rejecting due process argument). A violation of due process occurs only if "the circumstances surrounding the trial [or hearing] are such as to make it a sham and a pretense rather than a real judicial proceeding." *In re Welfare of Children of Coats*, 633 N.W.2d 505, 512 (Minn. 2001). There is no suggestion in this case that the district court did not earnestly attempt to facilitate Mr. Taylor's telephonic participation in the December 11, 2015 hearing. Thus, the district court did not violate Mr. Taylor's right to due process by conducting the hearing without his participation.

In sum, the district court did not err by increasing the amount of Mr. Taylor's monthly arrears payment.

**Affirmed.**

6