**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1534**

State of Minnesota,
Respondent,

vs.

John Joseph Plevell,
Petitioner.

**Filed January 3, 2017
Petition denied
Cleary, Chief Judge**

St. Louis County District Court
File No. 69VI-CR-15-1566

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Michelle M. Anderson, Assistant County Attorney, Duluth, Minnesota (for respondent)

Daniel K. Lew, Sixth District Public Defender, Bruce R. Williams, Assistant Public Defender, Duluth, Minnesota (for petitioner)

Considered and decided by Cleary, Chief Judge; Ross, Judge; and Jesson, Judge.

## S Y L L A B U S

1.      Although the Minnesota Rules of Evidence do not apply to grand jury proceedings, the state must comply with Minn. R. Crim. P. 18.05 and demonstrate that hearsay evidence presented to a grand jury will be admissible at trial.

2.      For an out-of-court statement to be admitted as a prior consistent statement in a grand jury proceeding, the witness must testify, the prior statement must be consistent

with that testimony, and the statement must be helpful in evaluating the witness's credibility.

**CLEARY**, Chief Judge

Petitioner John Joseph Plevell was charged by indictment with the first-degree premeditated murder of his former girlfriend. *See* Minn. Stat. § 609.185 (2014). Petitioner's motion to dismiss the indictment was denied by the district court and petitioner seeks discretionary review of the order, arguing that: (1) the evidence presented to the grand jury is insufficient to sustain the offense charged, because it involves hearsay statements of witnesses and does not comply with Minn. R. Crim. P. 18.05, subd. 1; (2) the state failed to present material exculpatory evidence to the grand jury; and (3) the indictment must be dismissed because of the cumulative effect of errors in the proceedings. We conclude that the hearsay statements were improperly admitted, but we also conclude, based on our review of the grand jury proceedings, that sufficient admissible evidence was presented to sustain the allegation of premeditation. Because petitioner has not otherwise established a compelling reason for discretionary review, we deny the petition.

## FACTS

A woman was fatally shot while she was outside the American Legion in a town in northern Minnesota on November 8, 2015. The woman's current boyfriend was standing next to her when she was shot. The primary investigator reviewed documents from other law enforcement agencies and summarized the investigation for the grand jury. Petitioner, who was the woman's former boyfriend, became "a person of interest" based on

2

conversations that law enforcement officers had with several witnesses who did not testify before the grand jury. The investigator testified that, at the time of the shooting, there was a domestic abuse no-contact order that prohibited petitioner from contacting the woman.

A search warrant was obtained and executed at petitioner's residence where investigators found clothes in the washing machine that appeared to match clothes petitioner was wearing the night of the shooting. Investigators also found a wet towel on the bathroom floor, several deer rifles, and ammunition. One of the rifles fired the fatal bullet. A compact disc containing body camera videos from the officers who responded to the 911 call and attempted to resuscitate the woman was played for the grand jury. Investigators testified and summarized their interviews with numerous lay witnesses who did not testify before the grand jury. The grand jury also considered petitioner's post-*Miranda* statement to investigators.

## DECISION

Petitioner seeks discretionary review of an order denying his motion to dismiss the first-degree murder indictment, which is an order that is not appealable as of right. *See State v. Johnson*, 441 N.W.2d 460, 467 (Minn. 1989) ("Defendants do not have an appeal as of right from an order denying the dismissal of an indictment."). In the interests of justice, this court may grant discretionary review of an order that is not otherwise appealable. Minn. R. Crim. P. 28.02, subd. 3; Minn. R. Civ. App. P. 105. But this court will only grant discretionary review if a "compelling reason" is shown. *State v. Jordan*, 426 N.W.2d 495, 496 (Minn. App. 1988). In deciding whether to grant discretionary review, this court considers a multi-factor test articulated in *Gordon v. Microsoft Corp.*,

3

645 N.W.2d 393, 399-402 (Minn. 2002). *See Doe 175 v. Columbia Heights Sch. Dist.*, 842 N.W.2d 38, 47 (Minn. App. 2014) (explaining that an appellate court should consider the *Gordon* factors to the extent that they are appropriate when considering a petition for discretionary review outside of the class-certification context). These factors are not exclusive, and this court has discretion to consider additional factors and circumstances that may apply to the particular case. *Doe 175*, 842 N.W.2d at 47. In this case, petitioner did not address these factors. Nonetheless, we acknowledge that a direct appeal may not afford an adequate remedy because the reviewing court generally rejects arguments challenging the grand jury indictment after the defendant has been convicted on the higher standard of proof beyond a reasonable doubt. *See, e.g.*, *State v. Smith*, 876 N.W.2d 310, 322-27 (Minn. 2016) (rejecting Smith's claims of error in the grand jury proceedings and noting that the burden is heavier when a defendant challenges a grand jury indictment after having been convicted beyond a reasonable doubt).

In addition to showing a "compelling reason," a petitioner "bears a heavy burden when seeking to overturn an indictment." *State v. Morrow*, 834 N.W.2d 715, 721 (Minn. 2013) (quoting *State v. Scruggs*, 421 N.W.2d 707, 717 (Minn. 1988)). "[A] presumption of regularity attaches to a grand jury indictment, and it is a rare case where an indictment is invalidated." *Id.* (quoting *State v. Penkaty*, 708 N.W.2d 185, 196 (Minn. 2006)).

Probable cause for a grand jury indictment depends on "whether the evidence worthy of consideration * * * brings the charge against the prisoner within reasonable probability." *State v. Steinbuch*, 514 N.W.2d 793, 798 (Minn. 1994) (quoting *State v.*

4

*Florence*, 306 Minn. 442, 446, 239 N.W.2d 892, 896 (1976)). "An indictment must be based on evidence that would be admissible at trial" with the following exceptions:

> (1) Hearsay evidence offered only to lay the foundation for the admissibility of otherwise admissible evidence if admissible foundation evidence is available and will be offered at the trial.
>
> . . . .
>
> (5) Written statements under oath or signed under penalty of perjury pursuant to Minnesota Statutes, section 358.116, of witnesses who for reasons of ill health, or for other valid reasons, are unable to testify in person if the witnesses, or otherwise admissible evidence, will be available at the trial to prove the facts contained in the statements.
>
> (6) Oral or written summaries made by investigating officers or other persons, who are called as witnesses, of the content of books, records, papers and other documents that they have examined but that are not produced at the hearing or were not previously submitted to defense counsel for examination, if the documents and summaries would otherwise be admissible. A police officer in charge of the investigation may give an oral summary.

Minn. R. Crim. P. 18.05, subd. 1.

Petitioner argues that the statements of the lay witnesses were hearsay not subject to any of the above exceptions. Hearsay is defined as a statement, i.e., "an oral or written assertion or [ ] nonverbal conduct of a person, if it is intended by the person as an assertion," "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Minn. R. Evid. 801. The rules of evidence do not apply to grand jury proceedings. Minn. R. Evid. 1101(b)(2). But "Minn. R. Crim. P. 18.05 contemplates that an indictment must be based on a showing indicating

5

that admissible evidence will be produced at trial." 11 Peter N. Thompson, *Minnesota Practice: Evidence,* § 1101.01, at 816 (4th ed. 2012). Because the lay witnesses did not testify before the grand jury, and because their statements were offered to support the element of premeditation for first-degree murder, these statements are hearsay. The state must, therefore, demonstrate that the out-of-court statements will be admissible at trial.

The state argues that the out-of-court statements will be admissible at trial as prior consistent statements under Minn. R. Evid. 801(d)(1)(B) (providing that a statement is not hearsay if the declarant testifies and is subject to cross-examination, and the statement is "consistent with the declarant's testimony and helpful to the trier of fact in evaluating the declarant's credibility as a witness"). A statement properly admitted under rule 801(d)(1)(B) operates as substantive evidence. *See* Minn. R. Evid. 801(d)(1) comm. cmt. But rule 801(d)(1)(B) has been interpreted as requiring the district court to make a threshold determination of whether there has been a challenge to the witness's credibility before the prior statement will be admitted. *State v. Bakken*, 604 N.W.2d 106, 109 (Minn. App. 2000) (citing *State v. Nunn*, 561 N.W.2d 902, 908-09 (Minn. 1997)), *review denied* (Minn. Feb. 24, 2000). The district court must also determine whether the statement would be helpful in evaluating credibility. *Id.* at 109. "[A] prior consistent statement might bolster credibility by showing a fresh complaint, obviating an improper influence or motive, providing a meaningful context, or demonstrating accuracy of memory." *Id.* Finally, the prior statement and the trial testimony must be consistent. *Id.*

If the lay witnesses testify at petitioner's trial, their out-of-court statements may be admissible as prior consistent statements, provided there is a challenge to their credibility

and the statements are consistent with their trial testimony. *See Scruggs*, 421 N.W.2d at 717 (concluding, on appeal from Scruggs's conviction, that Scruggs did not prove that the indictment was based on inadmissible hearsay where a witness who did not testify before the grand jury testified at trial, making her statement admissible as a prior consistent statement). At this point, however, the state has not established that the out-of-court statements of the lay witnesses will be admissible at trial as prior consistent statements.

The state also argues that statements of the woman's current boyfriend are admissible as excited utterances under Minn. R. Evid. 803(2). An excited utterance, although hearsay, is admissible if it relates to a startling event and is "made while the declarant was under the stress of excitement caused by the event or condition." Minn. R. Evid. 803(2). The current boyfriend was standing next to the woman when she was shot and some of his statements relate to that startling event, but in all of the body camera videos, the boyfriend does not appear to be under stress caused by the event. *Cf. State v. Bauer*, 598 N.W.2d 352, 366 (Minn. 1999) (stating hearsay statement was admissible as excited utterance where declarant's condition, "extremely agitated, upset, and afraid," indicated she was still under stress caused by the event at the time the statement was made). Because the boyfriend's statements do not appear to have been made while he was under the stress of the event, the state has not shown that the statements will be admissible at trial under the excited utterance exception.

Petitioner is also correct that the state did not comply with rule 18.05, subdivision 1(5), which would have permitted the state to admit written statements of lay witnesses made under oath or signed under penalty of perjury if the witnesses were unable to testify

7

in person. And while the investigator, as the main officer in charge of the investigation, could give an oral summary of documents and records that she reviewed, rule 18.05, subdivision 1(6), does not expressly permit oral or written summaries of the statements of lay witnesses who have not testified before the grand jury. Petitioner has, therefore, demonstrated that the state presented inadmissible evidence for the grand jury's consideration.

Despite the presentation of inadmissible evidence, dismissal of the indictment is not required unless the state failed to present sufficient admissible evidence to sustain probable cause for the indictment. *State v. Martin*, 823 N.W.2d 913, 919 (Minn. App. 2012). The state argues that, even if the out-of-court statements were improperly presented, "there is sufficient admissible evidence to establish probable cause" based on testimony of other witnesses and petitioner's own statement. We agree.

"'Premeditation' means 'to consider, plan or prepare for, or determine to commit, the act referred to prior to its commission.'" *State v. Cox*, 884 N.W.2d 400, 412 (Minn. 2016) (quoting Minn. Stat. § 609.18 (2014)). "Premeditation does not require proof of extensive planning or preparation, nor does it demand that a specific time period elapse for deliberation." *Id.* "Instead, the [s]tate must simply establish that there was *some* appreciable passage of time between a defendant's formation of the intent to kill and the act of killing, and that during this time defendant deliberated about the act." *Id.*

Because premeditation is a state of mind, it is generally proved by circumstantial evidence. *Id.* The supreme court has identified the following categories of activity as supporting an inference of premeditation: "planning activity, motive, the nature of the

8

killing, and a defendant's actions following the killing." *Id.* Although much of the hearsay testimony presented to the grand jury provided evidence of motive and planning activity, we are satisfied, after carefully reviewing the grand jury transcript, that the grand jury was also presented with sufficient admissible evidence to support probable cause for the premeditation element of first-degree murder. For example, the nature of a killing can support premeditation. *See State v. Kendell*, 723 N.W.2d 597, 607 (Minn. 2006) (holding that "[a] single shot squarely in the back can support a finding of premeditation because it indicates that the shooter took careful aim at the victim") (citing *State v. Johnson*, 616 N.W.2d 720, 726 (Minn. 2000)). A defendant's actions following a killing, such as his "'cool, calm demeanor' in attempting to avoid detection and destroying evidence," also support premeditation. *State v. Hurd*, 819 N.W.2d 591, 600 (Minn. 2012) (noting Hurd's efforts to avoid detection, including purchasing a bus ticket in an assumed name, washing bloody clothes, cleaning the victim's blood from the victim's car before abandoning it, and lying to family and police to avoid detection) (quoting *Kendell*, 723 N.W.2d at 606). Here, evidence of both the nature of the killing and petitioner's conduct after the killing was established through the investigation and not based on lay witness testimony. Because the investigation evidence is sufficient for the grand jury to infer premeditation, we are not persuaded that the introduction of inadmissible hearsay statements of lay witnesses requires dismissal of the indictment.

With respect to petitioner's other claims of error in the grand jury proceedings, we are not persuaded that the grand jury was deprived of exculpatory evidence that materially affected the grand jury proceedings. The grand jury considered evidence of petitioner's

9

alcohol consumption, testimony from law enforcement regarding his demeanor after he was arrested later the evening of the shooting, and an intoxication instruction. We are also not persuaded that the cumulative effect of any errors influenced the grand jury so as to require dismissal.

Because petitioner has not established a compelling reason to persuade this court to grant discretionary review, the petition is denied.

**Petition denied.**